JUDGE McMAHON

15 CV 03326

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No:

-------------------------------------------------------------------X

JACQUELINE GOMEZ and YASHIRA
CARRASCO, individually, and on behalf of all
others similarly situated,

Plaintiffs,

-against-

LACE ENTERTAINMENT, INC., d/b/a LACE
GENTLEMEN'S CLUB, MLB ENTERPRISES,
CORP., d/b/a LACE GENTLEMEN'S CLUB,
MLB ENTERPRISES, CORP.,  ANTHONY CAPECI
and GLEN ORECCHIO,

Defendants.

-------------------------------------------------------------------X

COLLECTIVE AND CLASS
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL

RECEIVED
APR 29 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Jacqueline Gomez and Yashira Carrasco on behalf of themselves and all others

similarly situated, against Defendants Lace Entertainment, Inc., d/b/a Lace Gentlemen's Club,

MLB Enterprises, Corp., d/b/a Lace Gentlemen's Club, MLB Enterprises, Corp., Glen Orecchio

and Anthony Capeci, (all, collectively, as "Defendants"), by and through their attorneys,

Hepworth, Gershbaum & Roth, PLLC, upon personal knowledge and upon information and

belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This case is about the workplace rights of wait staff at Lace Gentlemen's Club, an

upscale adult club located at 725 7th Avenue, New York, New York.

2.      Lace Gentlemen's Club willfully failed to pay the state and federal minimum wage;

unlawfully requests, demands, and receives wages from employees; unlawfully demands and

accepts gratuities and retains a part of gratuities or charges purported to be gratuities; requires its

employees to bear uniform maintenance costs; and fails to post notices of workplace rights as

both federal and State law requires.

3.      Plaintiffs, Jacqueline Gomez and Yashira Carrasco on behalf of themselves and other similarly situated current and former employees of Defendants, bring this Collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") for failure to pay a minimum wage and unpaid overtime.

4.      Plaintiffs Jacqueline Gomez and Yashira Carrasco as Class Representatives ("Class Representatives") bring this New York Rule 23 Class Action on behalf of themselves and all members of the proposed New York Rule 23 Class against Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York state law, including but not limited to New York Labor Laws ("NYLL") § 190, et. seq. and § 650, et. seq.; New York Labor Law Regulations, N.Y. Comp. Codes R. & Regs. ("NYCCRR"), tit. 12, §137-1.1., et seq.; and willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3) resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and has jurisdiction over Plaintiffs and Rule 23 Class Members state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      This Court also has jurisdiction over Plaintiffs and FLSA Collective Action claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged in this action occurred in this judicial district.

9.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, as an aggregate of all Plaintiffs' claims.

## THE PARTIES

### *Plaintiffs*

10.    Plaintiff Jacqueline Gomez (herein "Gomez") is a resident of Bronx, New York.

11.    Plaintiff Gomez was employed by Lace Gentleman's Club, 725 7th Avenue, New York, New York, as a waitress from in or around May 2014 to in or around January 2015.

12.    Plaintiff Gomez has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

13.    Plaintiff Gomez, is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

14.    Yashira Carrasco (herein "Carrasco"), is a resident of New York, New York.

15.    Plaintiff Carrasco was employed at Lace Gentlemen's Club, 725 7th Avenue, New York, New York, as a waitress from May 19, 2014 to December 14, 2014.

16.    Plaintiff Carrasco has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

17.    Plaintiff Carrasco is an "employee" within the meaning of the FLSA, the NYLL and NYCCRR.

### *Defendants*

18.    Defendants Lace Entertainment, Inc., MLB Enterprises, Corp., Orecchio and Capeci jointly employed Plaintiffs, similarly situated FLSA Collective Action and Rule 23 Class

Members at all relevant times.

*Lace Entertainment, Inc.*

19.     Lace Entertainment, Inc. is a New York corporation located at 195 Route 303 N. West Nyack, New York, 10994.

20.     Lace Entertainment, Inc. is a New York corporation which conducts business at 725 7th Avenue, New York, New York.

21.     Upon information and belief, at all relevant times Lace Entertainment, Inc. owns and operates Lace Gentlemen's Club.

22.     Upon information and belief, at all relevant times Lace Entertainment, Inc. d/b/a/ Lace Gentlemen's Club.

23.     Upon information and belief, at all relevant times, Lace Entertainment, Inc. is or has been an owner of Lace Gentlemen's Club.

24.     Lace Entertainment, Inc. (herein "Lace Gentlemen's Club" or "Club") is "employer" within the meaning of the FLSA, the NYLL and NYCCRR including tit. 12, § 137-3.1 at all relevant times, employed and/or jointly employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

25.     Upon information and belief, at all relevant times, Lace Gentlemen's Club's annual gross volume of sales made or business done was not less than $500,000.

26.     Upon information and belief, during all relevant times, Lace Entertainment, Inc. has exercised operational control over the management of Lace Gentlemen's Club, including but not limited to: compensation of workers; time-keeping, payroll policies; policies governing the allocation of tips and/or gratuities, and the policies set forth in the Employee Handbook; customer payment methods; recruiting and training of workers; recruiting and training of

managers; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance; and conduct standards for workers.

*MLB Enterprises, Corp.*

27.     MLB Enterprises, Corp. is a New York corporation located at 1160 E. Jericho Turnpike, Suite 117, Huntington, New York, 11743.

28.     MLB Enterprises, Corp. is a New York corporation which conducts business at 725 7th Avenue, New York, New York.

29.     MLB Enterprises, Corp. owns and operates Lace Gentlemen's Club.

30.     MLB Enterprises, Corp. owns the liquor license for the business located 725 7th Avenue, New York, New York.

31.     Upon information and belief, at all relevant times, MLB Enterprises, Corp., is or has been an owner of Lace Gentlemen's Club.

32.     Upon information and belief, at all relevant times MLB Enterprises, Corp., d/b/a/ Lace Gentlemen's Club.

33.     MLB Enterprises, Corp. is a "employer" within the meaning of the FLSA, the NYLL and NYCCRR including tit. 12, § 137-3.1 and, at all relevant times, employed and/or jointly employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

34.     Upon information and belief, at all relevant times, MLB Enterprises, Corp.'s annual gross volume of sales made or business done was not less than $500,000.

35.     MLB Enterprises, Corp. exercises/exercised operational control over the management of Lace Gentlemen's Club, including but not limited to control over: compensation of workers; time-keeping and payroll policies; policies governing the allocation of tips and/or gratuities, and the policies set forth in the restaurants' Employee Handbook; food, drink and entertainment

quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers.

*Glen Orecchio*

36.     Glen Orecchio (herein "Orecchio") resides in Huntington, New York.

37.     Defendant Orecchio jointly employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

38.     Defendant Orecchio is an owner of Lace Entertainment, Inc.

39.     Defendant Orecchio operated and managed Lace Gentlemen's Club at all times relevant to this complaint, located 725 7th Avenue, New York, New York, including handling day-to-day operations.

40.     Defendant Orecchio controlled hiring and firing at Lace Gentlemen's Club.

41.     Defendant Orecchio determined the hours of operation for Lace Gentlemen's Club.

42.     Defendant Orecchio had the power to change compensation of employees at Lace Gentlemen's Club.

43.     Defendant Orecchio had the power to determine employee policies at Lace Gentlemen's Club, including, but not limited to, employee schedules, time-keeping and payroll policies, policies governing the allocation of tips and/or gratuities, and the policies set forth in the employee guidelines that applied to employees at Lace Gentlemen's Club.

44.     Defendant Orecchio employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members within the meaning of the FLSA and NYLL and is individually liable to Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

*Anthony Capeci*

45.     Defendant Anthony Capeci (herein "Capeci") resides in Huntington, New York.

46.     Defendant Capeci jointly employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

47.     Defendant Capeci is an owner of Lace Entertainment, Inc.

48.     Defendant Capeci is an owner of MLB Enterprises, Corp.

49.     Defendant Capeci is a share holder of MLB Enterprises, Corp.

50.     Defendant Capeci operated and managed Lace Gentlemen's Club, located 725 7th Avenue, New York, New York, which included handling its day-to-day operations.

51.     Defendant Capeci controlled hiring and firing at Lace Gentlemen's Club.

52.     Defendant Capeci determined the hours of operation for Lace Gentlemen's Club.

53.     Defendant Capeci had the power to change compensation of employees at Lace Gentlemen's Club.

54.     Defendant Capeci had the power to determine employee policies at Lace Gentlemen's Club, including, but not limited to, employee schedules, time-keeping and payroll policies, policies governing the allocation of tips and/or gratuities, and the policies set forth in the employee guidelines that applied to employees at Lace Gentlemen's Club.

55.     Defendant Capeci employed Plaintiffs, FLSA Collective Action and Rule 23 Class Members within the meaning of the FLSA and NYLL and is individually liable to Plaintiffs, FLSA Collective Action and Rule 23 Class Members.

## FACTS

56.     The Lace Gentlemen's Club, located 725 7th Avenue, New York, New York, is owned and operated by Defendants, Lace Entertainment, Inc., MLB Enterprises, Corp., Orecchio, and Capeci.

57.    Defendants operate an adult entertainment venue which includes a bar and restaurant. The minimum wage provisions of the N.Y. Lab. Laws, § 650, et. seq., and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.1., et. seq., apply to Defendants and protect the Class Representatives and members of the New York Rule 23 Class as, Defendants constitute employers under New York's minimum wage law and Plaintiffs constitute employees.

**A. Improper Employer Wage "Kick Backs": Funny Money.**

58.    Defendant Lace Gentlemen's Club permits customers to tip wait staff using "funny money", which customers purchase from the Club in twenty dollar increments. Twenty dollars of "funny money" is equivalent to $20.00 U.S. Dollars.

59.    When wait staff wish to exchange "funny money" for wages at the end of their shift, Lace Gentlemen's Club charges a $4.00 fee to do so.

60.    Defendants' customers tipped Plaintiffs Gomez and Carrasco "funny money" during their employment at Defendant Lace Gentlemen's Club.

61.    Defendant Lace Gentlemen's Club does not record cash tips or "funny money" received by wait staff in its gross receipts.

62.    Defendant Lace Gentlemen's Club does track "funny money" received by wait staff from customers, recording $16.00 for every $20.00 worth of "funny money" as a liability owed.

63.    Defendants do not maintain an accurate record of all tips received by its wait staff as required by law.

64.    Defendant Lace Gentlemen's Club does not have an ownership interest in the payments made from customers to wait staff for tips; however, Defendants only pay wait staff $16.00 for every $20.00 of "funny money" they earn.

65.    Defendant Lace Gentlemen's Club does not enforce any disclaimer printed on the "funny money", including any disclaimer that indicates "funny money" cannot be used for payment of gratuities.

66.    Defendant Lace Gentlemen's Club has never refused to honor "funny money". Defendants never instruct customers that they are using "funny money" improperly when they use it to tip wait staff.

67.    When Plaintiffs Gomez and Carrasco exchanged "funny money" for U.S. Dollars at the end of their shifts, Defendant Lace Gentlemen's Club never asked for the context in which the "funny money" was received.

68.    Defendants did not monitor how "funny money" was used in the Club.

**B. Defendants' Illegal Tip Pool and Wage Deductions.**

69.    Defendants did not pay Plaintiffs Gomez and Carrasco, Collective Action members or members of the New York Rule 23 Class the minimum wage.

70.    Defendants required Plaintiffs Gomez and Carrasco to share their tips with workers who do not provide customer service, including the bartender and other back-of-house employees.

71.    Defendants also required Plaintiffs Gomez and Carrasco to pay a flat fee to non-service-oriented employees at the end of each shift, regardless of whether Plaintiffs earned any tips during that shift.

72.    Plaintiffs Gomez and Carrasco came to understand by Defendants' representations that if they did not pay the flat fee to non-service-oriented employees at the end of each shift, they would not be permitted to work at Lace Gentlemen's Club.

73.    The layout of the Lace Gentlemen's Club is such that bartenders and bar-backs are inaccessible to customers, meaning that if a customer wants to purchase a drink, he or she would

order it from the wait staff and the wait staff would bring it to the customer.

74.     As a result of this layout, bartenders and bar-backs do not receive tips from customers directly, and do not, and cannot provide customer service.

75.     Bartenders and bar-backs are included in Defendants' tip pool even though they did not provide customer service.

76.     Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to pay the Club twenty percent of their cash tips each shift, and an additional twenty percent if Plaintiffs worked in the "VIP rooms".

77.     In addition, Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to pay $20.00 to the bartenders and $10.00 to the bar-back at the end of each shift, regardless of how much Plaintiffs Gomez and Carrasco made in tips.

78.     Defendant Lace Gentlemen's Club also required Plaintiffs Gomez and Carrasco to pay fifteen percent of their credit card tips to the Club, and an additional fifteen percent of credit card tips to the bartender at the end of each shift.

79.     When a customer ordered a full bottle of alcohol, ("bottle service") Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to pay $10.00 to the Club and $10.00 to the bouncer.

80.     When the "bottle service" was paid for in cash, Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to pay fifteen percent of any tip to the Club and fifteen percent to the bartender.

81.     When "bottle service" was paid for by credit card, Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to pay fifteen percent of any tip to the Club and fifteen percent to the bartender.

82.     When a customer ordered "bottle service" and paid with a credit card, a twenty percent "service charge" was added to the cost of the bottle, however, the customer was not informed that this "service charge" was not considered a tip.

83.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance because Defendants required Plaintiffs Gomez and Carrasco to share their tips with persons who were not eligible to partake of the tip pool, including the bartenders, bar-backs and management of Lace Gentlemen's Club.  Despite this, Defendants used the tip credit, unlawfully paying Plaintiffs Gomez and Carrasco an hourly rate far below the federal and state minimum wage.

**C. Uniforms.**

84.     Defendant Lace Gentlemen's Club required Plaintiffs Gomez and Carrasco to wear uniforms consisting of a black and red corset and high-heels.

85.     The uniform could not be worn as part of a person's regular wardrobe.

86.     As a result of the material used in the uniform, the uniform had to be cleaned separate from other laundry.

87.     Defendant Lace Gentlemen's Club did not reimburse Plaintiffs Gomez and Carrasco for the cost of the uniforms or for their maintenance and upkeep.

**D. Notices.**

88.     Defendant Lace Gentlemen's Club did not post conspicuously the required notices informing Plaintiffs of their rights under state and federal labor and employment law.

**E. Record-keeping.**

89.     Defendants did not keep accurate records of wages or tips earned, or of hours worked by Plaintiffs.

90.     Plaintiffs Gomez and Carrasco bring this action on behalf of themselves and similarly situated current and former employees of the Lace Gentlemen's Club who elect to opt-into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and, its collective action provision, 29 U.S.C. § 216(b).

91.     Plaintiffs Gomez and Carrasco also bring this action on behalf of themselves and all similarly situated current and former employees of Lace Gentlemen's Club, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and NYLL §§195(1) and 195(3) and supporting New York State Department of Labor regulations.

## COLLECTIVE ACTION ALLEGATIONS

92.     Plaintiffs on behalf of themselves and all others similarly situated, re-allege and incorporate by reference the above paragraphs as set forth herein.

93.     Plaintiffs on behalf of themselves and on behalf of themselves and all similarly situated persons consisting of:

> All "wait staff" who have worked at Lace Gentlemen's Club for the period of time that is three years prior to the filing of this action and to the date of final judgment in this matter, and who have given or will give their written consent to be plaintiffs herein pursuant to 29 U.S.C. § 216(b) (herein the "FLSA Collective Action").

94.     All FLSA Collective Action members have been damaged by the same wrongful acts alleged herein. These acts raise questions of law or fact common to the classes that predominate over any questions affecting only individual members of the classes. These questions include, but are not limited to:

> a.   whether Defendants failed to pay Plaintiffs and the FLSA Collective Action at the federal minimum wage under FLSA;

b.   whether Defendants violated FLSA by improperly utilizing the tip credit;

95.     The claims of the named Plaintiffs are typical of the claims of the FLSA Collective Action Members and do not conflict with the interests of any other members of the collective or class action in that all have suffered from the same wrongful acts of Defendants.

96.     Defendants have willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et. seq. in ways including, but not limited to, failing to pay employees a minimum wage.

97.     The individually named Plaintiffs will fairly and adequately represent the interests of the FLSA Collective Action members.

98.     The Plaintiffs' attorneys are qualified to pursue this litigation and have experience in collective action litigation.

99.     There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. A collective action is superior to other methods of fairly and adequately adjudicating this controversy, especially in the context of low-wage workers where individual plaintiffs may lack the financial resources to prosecute such a lawsuit vigorously.

100.    Similarly situated employees who are able to opt-in are known to Defendants, are readily identifiable, and can be located through Defendants' records.   Notice should be sent to the prospective FLSA Collective Action members pursuant to 29 U.S.C. § 216(b).

101.    Throughout the relevant time period, Defendants have applied the same policies regarding Funny money, uniform expenses, overtime compensation, minimum wages, deductions from wages, misappropriated tips, and other timekeeping and compensation policies to Plaintiffs and other members of the FLSA collective action.

## CLASS ACTION ALLEGATIONS

102.    Plaintiffs on behalf of themselves and all others similarly situated, re-allege and incorporate by reference the above paragraphs as set forth herein.

103.    Plaintiffs on behalf of themselves and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All "wait staff" who worked at the Lace Gentlemen's Club for the period of time
> that is six years prior to the filing of this action and to the date of final judgment
> in this matter (herein the "Rule 23 Class").

104.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Lace Gentlemen's Club; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

105.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

106.    The size of the Rule 23 Class is at least 100 people, although the precise number of such employees is unknown, and facts on which that number can be calculated are presently within the sole control of Defendants.

107.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

108.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§

650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y.

Comp. Codes R. & Regs. ("NYCRR"), Title.12, § 137, as alleged herein;

b.      whether it was Defendants' policy or practice to misappropriate tips from

Plaintiffs and the Rule 23 Class;

c.      whether it was Defendants' policy or practice to make unlawful deductions from

the wages of Plaintiffs and the Rule 23 Class;

d.      whether it was Defendants' policy or practice to fail to pay for uniform costs,

maintenance and upkeep.

e.      whether it was Defendants' policy or practice to fail to keep true and accurate pay

records for all hours worked by its employees, and other records required by the NYLL;

f.      whether it was Defendants' policy or practice to fail to comply with the posting

and notice requirements of the NYLL;

g.      whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the

Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross

wages, and the claimed tip allowance as required by the NYLL;

h.      whether Defendants' policy of failing to pay workers was instituted willfully or

with reckless disregard of the law; and

i.      the nature and extent of class-wide injury and the measure of damages for those

injuries.

j.      Whether the Defendants should be enjoined from such violations in the future.

109.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to

represent.  Plaintiffs and all the Rule 23 Class Members work or have worked for Defendants

and were subject to the same policy or practices.  Plaintiffs and the Rule 23 Class Members

enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum wages, and to keep the tips they earn.  Plaintiffs and Rule 23 Class Members all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class Members all have been injured in that they have not been compensated or have been under-compensated due to Defendants' common policies, practices, and patterns.

110.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Plaintiffs and the Rule 23 Class Members.

111.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

112.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Minimum Wages (Brought on Behalf of Plaintiffs, and the FLSA Collective Action)**

113.    Plaintiffs and the FLSA Collective Action members who opt into this lawsuit repeat, re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

114.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

115.    Defendants were required to pay to Plaintiffs and the FLSA Collective Action the applicable federal minimum wage rate.

116.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

   a.    Defendants were required to, but failed to inform Plaintiffs, of the provisions of 29 U.S.C. § 203(m); and

   b.    Defendants unlawfully redistributed portions of the tips received by Plaintiffs, Rule 23 Class Members to employees in positions that do not customarily and regularly receive tips and/or do not have direct interaction with customers, including the bartender, bar-back and management of Lace Gentlemen's Club, in violation of 29 U.S.C. § 203(m) and supporting regulations.

117.    Defendants failed to pay Plaintiffs, and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

118.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and FLSA Collective Action members.

119.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and FLSA Collective Action members suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

120.   Defendants' unlawful conduct, as described in this Collective Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act - "Free and clear" payment; "kickbacks."**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

121.   Plaintiffs and the FLSA Collective Action members who opt into this lawsuit repeat, re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

122.   The "free and clear" provision as set forth in the 29 CFR 531.35 and all supporting federal regulations apply to Defendants and protect Plaintiffs and the FLSA Collective.

123.   Defendants have failed to pay Plaintiffs and the members of the FLSA Collective wages as the Defendants took a portion of the tips that were given via "funny Money"

124.   As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

125.   Defendants' failure to pay overtime compensation was willful.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act: Uniform Expenses (Brought on Behalf of Plaintiffs, and the**
**FLSA Collective Action)**

126.    Plaintiffs and the FLSA Collective Action members who opt into this lawsuit repeat, re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

127.    Plaintiffs, FLSA Collective Action members earned less than the required minimum wage.

128.    Defendants required Plaintiffs and FLSA Collective Action members to wear uniforms.

129.    Plaintiffs and FLSA Collective Action members incurred costs laundering their uniforms for the benefit and convenience of Defendants.

130.    It was Defendants' policy and pattern or practice not to pay for the laundering of Plaintiffs and FLSA Collective Action members' uniforms.

131.    Plaintiffs and FLSA Collective Action members did not earn their wages free and clear. Defendants' conduct as alleged herein was willful.

132.    As a result of Defendants' violations, Plaintiffs and FLSA Collective Action members suffered damage in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### Fair Labor Standards Act: Recordkeeping Violations (Brought on Behalf of Plaintiffs, and the FLSA Collective Action)

133.    Plaintiffs and the FLSA Collective Action members who opt into this lawsuit repeat, re-allege and incorporate by reference all preceding paragraphs, as if fully set forth herein.

134.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs, and FLSA Collective Action members, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

135.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of 29 U.S.C. §§ 203(m) and 211, and supporting federal regulations, including but not limited to, 29 C.F.R. § 516.4.

136.    Defendants' failure to make, keep, and preserve accurate records was willful.

## FIFTH CAUSE OF ACTION
### New York Labor Law §§ 650 *et seq*: Unpaid Minimum Wages (Brought on Behalf of Plaintiffs and the Members of the Rule 23 Class)

137.    Plaintiffs and the Rule 23 Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

138.    Plaintiffs and the Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Class Members within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

139.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Rule 23 Class Members.

140.    Defendants failed to pay Plaintiffs and Rule 23 Class Members the minimum wages to which they are entitled under the NYLL.

141.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

142.    Defendants were required to pay Plaintiffs and the Rule 23 Class Members a minimum wage at a rate of

      a.    $7.15 per hour for all hours worked prior to July 24, 2009

b.      $7.25 per hour for all hours worked from July 24, 2009 to December 30, 2013;

c.      $8.00 per hour for all hours worked from December 31, 2013 to December 30, 2014;

d.      $8.75 per hour for all hours worked from December 31, 2014 to present under the NYLL § 652 and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

143.    Defendants failed to pay Plaintiffs and Rule 23 Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

144.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.,* and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

145.    Defendants were not allowed to avail themselves of the "tipped minimum wage" under the NYLL.

146.    Defendants failed to post, in a conspicuous place in their establishments, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.3.

147.    Defendants failed to furnish with every payment of wages to Plaintiffs and the Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting

New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.2.

148.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 137-2.2.

149.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 137.

150.    As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law Article 19 - Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)**

151.    Plaintiffs and the Rule 23 Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

152.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and Rule 23 Class Members.

153.    Defendants have failed to pay Plaintiffs and Rule 23 Class Members the overtime wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

154.     Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and supporting New York State Department of Labor Regulations.

155.     As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
**New York Labor Law Article 6: Unlawful Wage Deductions and Tip Misappropriation**
**(Brought on Behalf of Plaintiffs and the Members of the Rule 23 Class)**

156.     Plaintiffs and the Rule 23 Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

157.     Plaintiffs and Rule 23 Class Members have been employees within the meaning of Article 6 NYLL §§ 190, *et seq.,* and supporting New York State Department of Labor Regulations.

158.     Defendants have been an employer within the meaning of Article 6 NYLL §§ 190, *et seq.,* and supporting New York State Department of Labor Regulations.

159.     The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Rule 23 Class Members.

160.     By conduct described herein, Defendants made unlawful deductions from Plaintiffs' and Rule 23 Class Members' wages in violation of Article 6 NYLL § 193 and supporting New York State Department of Labor Regulations.

161.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and Rule 23 Class Members in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

162.    Defendants unlawfully retained part of the gratuities earned by Plaintiffs and Rule 23 Class Members through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and Rule 23 Class Members.

163.    Accordingly, Defendants have willfully violated the NYLL Article 6, § 196-d and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-2.5 and Department of Labor Regulations.

164.    Defendants failed to pay Plaintiffs and Rule 23 Class Members service charges that they led customers to believe would be paid to Plaintiffs and Rule 23 Class Members.

165.    Defendants required Plaintiffs and Rule 23 Class Members to share part of the gratuities they received with employees who did not regularly interact with customers, including bartenders, bar-backs and management of Lace Gentlemen's Club, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

166.    As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## EIGTH CAUSE OF ACTION
**New York Labor Law: Uniform Expenses (Brought on Behalf of Plaintiffs and Members of the Rule 23 Class)**

167.    Plaintiffs and the Rule 23 Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

168.   Consistent with their policy and pattern or practice, Defendants prohibited Plaintiffs and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiffs' and the Rule 23 Class Members' ordinary wardrobe. Defendants required Plaintiffs and Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing, limited to a red and black corset and high heels.

169.   Consistent with their policy and pattern or practice, Defendants failed to reimburse Plaintiffs and the Rule 23 Class Members for the costs associated with their uniforms, in violation of NYLL and its supporting regulations, NYCRR § 137-1.8.

170.   Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiffs and Rule 23 Class Members to launder and maintain their uniforms and failed to compensate Plaintiffs and the Rule 23 Class for these costs, in violation of the NYLL and its supporting regulations, NYCRR § 137-1.8.

171.   Defendants further failed to reimburse Plaintiffs and Rule 23 Class Members for uniform-related expenses.

172.   Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiffs and Rule 23 Class Members for their uniform-related expenses resulted in Plaintiffs and Rule 23 Class Members being paid less than the minimum wage.

173.   As a result of Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants an amount prescribed by statue, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

**NINTH CAUSE OF ACTION**
**New York Labor Law: Failure to Comply With Notice and Record Keeping Requirements**
**(Brought on Behalf of the Plaintiffs and Members of the Rule 23 Class)**

174.    Plaintiffs and the Rule 23 Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

175.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Rule 23 Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.,* and supporting regulations, including 12 NYCRR § 142-2.6(a)(4).

176.    Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions, in violation of NYLL Article 19, §§ 650 *et seq.,* and supporting regulations including but not limited to 12 NYCRR § 142-2.8.

177.    Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.3.

178.    Defendants failed to furnish with every payment of wages to Plaintiffs and Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.2 and NYLL §§195(1) and 195(3)

179.    Defendants' failure to make, keep, and preserve accurate records was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, the FLSA Collective Action and the Rule 23 Class Members pray for the following relief:

a.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this FLSA Collective Action, or that the Court issue such notice, to all wait staff who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Lace Gentlemen's Club. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.  Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting United States Department of Labor regulations;

c.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d.  Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

e.  to declare that Defendants have violated the tip pool provisions of the FLSA and the NYLL;

f.  to declare that Defendants have violated the unlawful deductions provisions of the FLSA and NYLL;

g.  to declare that Defendants have violated the uniform provisions of the FLSA and NYLL;

h.  to declare that Defendants have violated the record-keeping and notice provisions of the FLSA and NYLL;

i.  to declare that Defendants' violations of the FLSA and the NYLL were willful;

j.      to disgorge from Defendants and order that the Defendants remit back the amount of the tip credits deducted from the wages of Plaintiffs, the FLSA Collective Action, and Rule 23 Class Members;

k.      to award Plaintiffs, the FLSA Collective Action and Rule 23 Class Members damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the Plaintiffs, FLSA Collective Action and Rule 23 Class Members for the hours they worked;

l.      to award Plaintiffs, the FLSA Collective Action and Rule 23 Class Members damages for unpaid wages and tips which were unlawfully diverted to non-wait staff;

m.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members damages for all unauthorized deductions under the FLSA and NYLL;

n.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members damages for uniform expenses;

o.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members damages for violations of record-keeping and notice provisions under the FLSA and NYLL;

p.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members liquidated damages under the FLSA and the NYLL;

q.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members prejudgment and post-judgment interest;

r.      to award Plaintiffs, FLSA Collective Action and Rule 23 Class Members reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

s.      Pre-judgment interest and post-judgment interest;

t.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b) Plaintiffs, the FLSA Collective Action and the Rule 23

Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Date: April 28, 2015

By: Charles Gershbaum

Marc S. Hepworth
Charles Gershbaum
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:     (212) 545-1199
Facsimile:     (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com

*Attorneys for Plaintiff*