IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JACQUELINE GOMEZ, *Et Al.*, | : | Case No. 15-cv-03326-CM |
| Plaintiffs, | : | |
| V. | : | |
| LACE ENTERTAINMENT, INC., *Et Al.*, | : | |
| Defendants. | : | |

———————————————————————

**DEFENDANTS MLB ENTERPRISES CORP. AND ANTHONY CAPECI'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER
QUASHING THE DEPOSITION OF MARIO BARNES
AND REQUEST FOR REFERRAL TO MAGISTRATE JUDGE**

———————————————————————

JENNIFER M. KINSLEY
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

DANIEL A. SILVER
Silver & Silver LLP
One Liberty Square
New Britain, Connecticut 06051
(860) 225-3518
dan@lawsilver.com

Counsel for Defendants
MLB Enterprises Corp. and Anthony Capeci

## TABLE OF CONTENTS

Table of Authorities…………………………………………………………………………..ii

Memorandum of Law……………………………………………………………………..1

    I.      Introduction and Statement of Facts…..……………………………………………1

    II.     The Court Should Issue A Protective Order Quashing Mario Barnes'
          Deposition Notice……………..……………………………………………………3

    III.    Conclusion………………………………………………………………………6

Certificate of Service………………………………………………………………………...7

i

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Daniel v. Caesar*, 2009 WL 801617 (M.D. La. March 25, 2011)………………………………2-3

*Desilva v. North Shore-Long Island Jewish Health System Inc.*,
    2010 WL 3119629 (E.D.N.Y. Aug. 9, 2010)……………………………………………...3

*Deuss v. Siso*, 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014)…………………………………3

*Eckert v. United Auto. Workers*, 2010 WL 2160346 (W.D.N.Y. May 27, 2010)…………………4

*Gabarick v. Laurin Maritime (America), Inc.*, 2008 WL 3560426
    (E.D. La. Aug. 11, 2008)……………………………………………………………………3

*United States v. Philip Morris, Inc.*, 312 F.Supp.2d 27 (D.D.C. 2004)…………………………...4

## <u>Statutes</u>

Fed. R. Civ. P. 26(C)(1)(B)……………………………………………………………………*passim*

Fed. R. Civ. P. 26(d)(1)……………………………………………………………………… *passim*

Fed. R. Civ. P. 26(f)…………………………………………………………………….. *passim*

Fed. R. Civ. P. 30(a)(2)(A)(iii)…………………………………………………………….. *passim*

1

**MEMORANDUM OF LAW**

**I.        Introduction and Statement of Facts**

Regrettably, and after diligent efforts to resolve the issue extrajudicially, Defendants

MLB Enterprises Corp. dba Lace Gentleman's Club and Anthony Capeci (collectively "MLB ")

seek a protective order under Fed. R. Civ. P. 26(C)(1)(B) quashing the deposition of club

manager Mario Barnes.  *See* Notice of Deposition (Ex. A).  Per Section IV(B) of the Individual

Practices and Procedures, MLB also seeks a referral to the Magistrate Judge to resolve this

dispute.  Given the emergency timing of the motion (the notice of deposition was served late on a

Friday afternoon for the following Tuesday morning), counsel is filing this motion on a Saturday

when the Court is closed and will seek a referral on Monday, August 10, 2015.

MLB received notice of the deposition ***a mere four days*** before the proposed deposition

date – late on a Friday afternoon, no less -- and, as set forth below, its counsel are unavailable on

such short notice.  *See* Ex. 3 to Kinsley Declaration (Ex. B).  Since learning of the deposition

notice less than 24 hours ago, MLB's attorneys have communicated both by telephone and email

with Plaintiffs' counsel to inform them of the scheduling conflict and to seek an agreeable

solution.  *Id*.  Through its attorneys, MLB proposed a number of alternatives – including offering

to provide Mr. Barnes' sworn declaration to Plaintiffs' attorneys in advance of the August 18,

2015 hearing,[1] agreeing to produce him for cross-examination at the hearing, and agreeing not to

---

[1] At the scheduling conference on July 10, 2015, the Court scheduled a limited evidentiary
hearing for August 18, 2015 on the issue of whether the signature contained on Plaintiff
Jacqueline Gomez's arbitration agreement is real or forged.  The Court did not set deadlines for
discovery or otherwise order that discovery would take place and, in fact, the short period of time
between the scheduling conference and the evidentiary hearing suggests that no discovery was
warranted.  *See* July 10, 2015 Minute Entry.  Moreover, as the parties have not conferred to
generate a Rule 26(f)(3) discovery plan, discovery is prohibited by Fed. R. Civ. P. 26(d)(1).  *See*
Kinsley Declaration, ¶ 12 (Ex. B).  Nonetheless, MLB has voluntarily participated in the

2

object should Plaintiffs seek to continue the hearing – but none of these were acceptable to Plaintiffs. *Id.*; Kinsley Declaration (Ex. B). In addition, a more serious legal issues exists, in that Plaintiffs failed to seek leave of Court to conduct Mr. Barnes' deposition in the first place and are therefore not entitled to depose him at all at this early juncture of the case. *See* Fed. R. Civ. P. 30(a)(2)(A)(iii); *Daniel v. Caesar*, 2009 WL 801617 (M.D. La. March 25, 2011) (quashing deposition notice served before parties' attorneys conferred to create and file a discovery plan). Thus, MLB is in the unfortunate position of having to seek the Court's intervention to ensure that Mr. Barnes' deposition occurs with reasonable notice, at a mutually convenient time and place, and at an appropriate stage of the case as the Civil Rules require.

This request comes after MLB voluntarily agreed to provide expedited written discovery responses to Plaintiffs and further consented to the deposition of MLB's president, Anthony Capeci, and post-deposition document production, even though no discovery was contemplated by the Court. At no point in the litigation thus far has MLB refused to provide the evidence or information Plaintiffs seek, with one limited and unrelated exception.[2] To the contrary, MLB has fully accommodated Plaintiffs' requests, even when it would have had valid reasons not to do so. *See* Fed. R. Civ. P. 26(d)(1) (prohibiting discovery before the parties have conferred to

---

discovery sought by Plaintiffs by providing interrogatory responses and document production within 13 days of being served written requests, by submitting supplemental discovery uncovered during further investigation, by consenting to the deposition of Anthony Capeci, and by providing additional documents discussed and requested during Mr. Capeci's deposition. *See* Discovery Requests (Ex. C); Discovery Responses (Ex. D); Supplemental Discovery Response (Ex. E); Emails re: Capeci Deposition (Ex. F). As such, any allegation or insinuation by Plaintiffs in their forthcoming response that Defendants have hidden or are attempting to hide evidence is specious.

[2] In their request for documents, Plaintiffs sought the arbitration agreements MLB maintains for all of its employees, not just the two Plaintiffs in this action. MLB did object to that request on the grounds that it was irrelevant and unlikely to lead to relevant evidence. *See* Discovery Responses, Interrogatory No. 1, p. 1 (Ex. D).

create a discovery plan); Fed. R. Civ. P. 30(a)(2)(A)(iii).  Also of note is the fact that MLB has faithfully adhered to the letter and spirit of the Federal Rules of Civil Procedure governing discovery and has served no interrogatories, document requests, or deposition notices on Plaintiffs.  Thus, at this late date and under the circumstances, the Court should issue a protective order quashing Mario Barnes' notice of deposition.

**II.      The Court Should Issue A Protective Order Quashing Mario Barnes' Deposition Notice.**

The Federal Rules of Civil Procedure place strict limitations on the timing, sequence, and nature of discovery.  For example, Fed. R. Civ. P. 26(d)(1) prohibits the parties from seeking discovery from any source before the conference required by Rule 26(f).  Similarly, Fed. R. Civ. P. 30(a)(2)(A)(iii) prohibits noticing depositions before the Rule 25(f) conference and discovery planning have occurred.   Under these rules, federal district courts have routinely quashed deposition notices and discovery requests that were served prior to the Rule 26(f) conference. *See, e.g., Daniel*, 2009 WL 801617; *Deuss v. Siso*, 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014); *Desilva v. North Shore-Long Island Jewish Health System Inc.*, 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010); *Gabarick v. Laurin Maritime (America), Inc.*, 2008 WL 3560426 (E.D. La. Aug. 11, 2008).  This outcome is not merely a technicality.  As the Commentary to the Civil Rules notes, the Rule 26(f) discovery plan is necessary to the orderly and fair exchange of information between the parties without judicial intervention.  *Gabarick*, 2008 WL 3560426, at *2.  Serving a deposition notice before the parties have created a mutually agreeable plan on how discovery will take place frustrates the goals of the Civil Rules and provides an unfair advantage to the party obtaining discovery in advance.  *Id.*

4

Moreover, Rule 30(b)(1) precludes parties from conducting depositions without giving "reasonable written notice" to all other parties.  Deposition notices providing a mere matter of days to prepare have routinely been held not to provide adequate notice and have therefore been quashed.  *See, e.g., Eckert v. United Auto. Workers*, 2010 WL 2160346, at *2 (W.D.N.Y. May 27, 2010) (holding that five days was not reasonable written notice of a deposition); *United States v. Philip Morris, Inc.*, 312 F.Supp.2d 27, 36-7 (D.D.C. 2004) (finding that three business days does not constitute reasonable notice).

As an initial matter, the Barnes deposition notice should be quashed because it was served in violation of Rules 26(d)(1) and 30(a)(2)(A)(iii).  The parties have not conferred to create a discovery plan under Rule 26(f), nor has a discovery plan been filed or endorsed by the Court.  *See* Kinsley Declaration, ¶ 12 (Ex. B).  Thus, the deposition notice is premature and, as in *Daniel*, *Deuss*, *Desilva*, and *Gabarick*, must be quashed.

Similarly, the deposition notice was served without reasonable written notice in violation of Rule 30(b)(1).  MLB was not notified of the deposition until after business hours on a Friday, meaning it had just one business day following the weekend (Monday) to prepare for the deposition on Tuesday.  This hardly constitutes the reasonable notice the Civil Rules require.

Moreover, even if notice of four actual days, only one of which is a business day, could be considered reasonable, neither of MLB's attorneys are available to attend Mr. Barnes' deposition on August 11, 2015.  As an initial matter, both of MLB's attorneys practice outside of New York.  Ms. Kinsley is from Cincinnati, Ohio and Mr. Silver is from New Britain, Connecticut.  As a result, they must make overnight travel arrangements to attend the deposition, which is a costly and time-consuming proposition.  Moreover, both attorneys have serious

scheduling conflicts on August 11th.  Ms. Kinsley is a full-time law professor at the Northern Kentucky University Salmon P. Chase College of Law and is scheduled to teach an introductory course to incoming first-year law students from 9am to approximately 4pm each day during the week of August 10, 2105.  *See* Legal Analysis and Problem Solving Syllabus (Ex. G).  Mr. Silver is counsel in a hearing to be conducted before the Connecticut Superior Court, Fairfield Judicial District at Bridgeport, on August 11, 2015.  *See* CT Green Cares, LLC v. One Stop Insur. Agency, LLC, No. FBT-cv-13-6036891.  These scheduling conflicts further demonstrate why the notice served by Plaintiffs is unreasonable.

Based upon counsel's communications with Plaintiffs' attorneys, it appears likely that Plaintiffs will contend that Mr. Barnes should have been disclosed in discovery and that their late notice of his deposition is excused by this fact.  But Plaintiffs never sought Mr. Barnes' identity in written discovery.  The interrogatories directed to MLB Enterprises only requested disclosure of individuals who witnessed the signatures on the Gomez arbitration agreement, and Mr. Barnes did not personally witness Ms. Gomez signing the document.  *See* Discovery Response, p. 1 (Ex. D).  Thus, MLB was under no duty to disclose Mr. Barnes' identity to Plaintiffs.  Nonetheless, MLB provided deposition testimony regarding Mr. Barnes' role during the deposition of its president, Anthony Capeci.  *See* Ex. 5 to Kinsley Declaration (Ex. B). Thus, Plaintiffs have received all the information to which they are entitled with respect to Mr. Barnes, and his deposition is therefore untimely and unwarranted.

One additional point bears mention here.  MLB has argued that this case is not properly before the Court because Plaintiffs signed arbitration agreements mandating that their disputes be resolved by an arbitrator.  *See* ECF No. 21 Motion to Compel Arbitration.  By voluntarily

6

providing discovery to Plaintiffs on the sole and limited issue of whether Ms. Gomez's arbitration agreement is valid, MLB in no way intends to waive its rights under the agreement. MLB contends that the only issue before the Court is whether the agreement is enforceable, and it has participated in the litigation process for the singular purpose of demonstrating that it is.

## III.   Conclusion

As set forth above, Plaintiffs' notice of deposition of Mario Barnes violates the Federal Rules of Civil Procedure, as it was issued before the Rule 26(f) conference and without reasonable written notice.  The deposition should accordingly be quashed.


Respectfully submitted,

 /s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

DANIEL A. SILVER
Silver & Silver LLP
One Liberty Square
New Britain, Connecticut 06051
(860) 225-3518
dan@lawsilver.com

Counsel for Defendants
MLB Enterprises Corp. and Anthony Capeci

7

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Motion was provided via the Court's electronic filing system (CM/ECF) to all counsel of record, including counsel for Plaintiffs, on the 8th day of August, 2015.


__/s/ Jennifer M. Kinsley_____
JENNIFER M. KINSLEY

Counsel for Defendants
MLB Enterprises Corp. and Anthony Capeci