UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GOMEZ, et al.,

        Plaintiffs,

-against-                              15 Civ. 3326 (CM)

LACE ENTERPRISES, INC., et al.,

        Defendants.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/15
```

## MEMORANDUM ORDER

McMahon, J.:

    I note the following in response to the latest (and last) letter from Attorney Kinsley:

1. I do not permit litigation by letter. However, I will dispose of some outstanding requests in this order.

2. Without objection, plaintiff's motion for conditional certification of the proposed FLSA Section 216(b) class is granted. Defendants have until November 30, 2015 to turn over to Plaintiffs' counsel the names and last known addresses of all persons who meet the conditional class definition. That list had better include the name and address of everyone to whom Defendants have sent or plan to send any settlement proposal. Plaintiffs must submit to the court, no later than November 24, 2015, the proposed opt-in notice that will be sent to putative class members. Any comments that Defendants wish to make on the proposed notice must be received by close of business on November 30, 2015, so that the notice can be approved (either as submitted or as amended by the court) no later than December 1, 2015. Conditionally certifications are always subject to the possibility of eventual decertification; that should go without saying.

3. I have never entered a "blanket order" prohibiting Defendants from communicating with absent class members, as misrepresented by Attorney Kinsley. I did enter an order insisting on court approval of any communication that offered an absent class member a settlement of claims about which that individual might be ignorant. I did this after making a finding, after a full hearing, that Defendants had forged the

signature of one of their employees on an arbitration agreement. Defendants' counsel submitted a patently inadequate letter for my approval; I declined to approve it and invited the submission of a better letter. I have waited patiently for one to appear; until today, I did not receive anything. I have reviewed the proposed letter submitted by Attorney Kinsley, and I will approve it, but with two changes. First, the last sentence in the second paragraph of the letter should be deleted and replaced with, "The plaintiff has requested that the case should proceed as a class or collective action and the court has conditionally certified a collective action class under federal law; you will be receiving notice of this decision shortly from the lawyers who brought this lawsuit." Second the words, "either from the lawyers who brought the lawsuit or from any other lawyer you might choose to consult," must be added to the phrase "you may seek your own legal advice" on the second page of the letter. With those changes, Defendants are free to send their letter.

4. An amended complaint must be filed no later than December 4, 2015. Class discovery must be completed by January 29, 2016. If a motion to certify a New York Labor Law class is going to be made, it must be made by February 19, 2016, with responsive papers due two weeks later and reply papers one week after that. Meanwhile, discovery on matters unrelated to class issues will begin on February 1 and must be completed by April 29, 2016. I do not understand the request for a timetable for a motion for conditional certification, since the Defendants have consented to conditional certification of an FLSA class and by this order I am granting that motion; I assume this is a mistake in Attorney Predovan's letter of October 30, and that she meant to ask for deadlines for the submission of a Rule 23 class certification motion. Class certification is not a predicate to discovery, since evidence about the treatment of other employees is relevant to the case of any named or opt-in plaintiff.

5. Discovery will be supervised by the assigned Magistrate Judge, who is The Hon. Kevin Nathaniel Fox. If you have a discovery dispute, please notify me and I will sign an order directing him to supervise discovery.

6. I will not accept any more letters. If you have a motion to make, make your motion.

Dated: November 20, 2015

_____
U.S.D.J.