UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACQUELINE GOMEZ and YASHIRA
CARRASCO, individually, and on behalf of
all others similarly situated,                         Docket No.: 15-CV-3326(CM)(KNF)

                    Plaintiffs,

        -against-

LACE ENTERTAINMENT, INC. d/b/a LACE
GENTLEMEN'S CLUB, MLB ENTERPRISES,
CORP., d/b/a LACE GENTLEMEN'S CLUB,
MLB ENTERPRISES CORP., ANTHONY CAPECI
and GLEN ORECCHIO,

                  Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Rebecca Predovan, Esq.
Marc S. Hepworth, Esq.
Charles Gershbaum, Esq.
David A. Roth, Esq.
**HEPWORTH GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiffs, the Collective and Class*

**TABLE OF CONTENTS**

I.     **INTRODUCTION** ........................................................................................................ 1

II.    **PRELIMINARY STATEMENT** .............................................................................. 2

III.   **BACKGROUND** ......................................................................................................... 3

IV.   **STATEMENT OF FACTS** ....................................................................................... 4

V.    **ARGUMENT** ............................................................................................................. 4

  A.  Defendants Violated the Minimum Wage Requirements of the FLSA and NYLL ........... 6

      i.     Minimum Wage Requirement ...................................................................... 6

      ii.    Defendants Illegally Retained 15 % of Plaintiffs' Credit Card Tips ..................... 6

          a.  Plaintiffs Are Entitled to the Minimum Wage Because Defendants' Improperly
              Retained Approximately 15% of Their Tips. ..................................................... 6

          b.  Plaintiffs are entitled a return of the 15 % tips which Defendants illegally
              retained. .................................................................................................... 8

      iii.   Defendants Violated the Tip Credit Provisions by Requiring that Plaintiffs Pool
          Tips with Non-Service Employees ................................................................. 9

          a.  Plaintiffs Are Entitled to the Minimum Wage Because Defendants' Improperly
              Pooled Their Tips .......................................................................................... 9

      iv.   Plaintiffs Are Entitled to Liquidated Damages Under the FLSA and NYLL
          Because Defendants Did Not Act in Good Faith. ................................................. 11

          a.  FLSA Liquidated Damages................................................................................ 12

          b.  NYLL Liquidated Damages............................................................................... 14

      v.    Defendants Violated NYLL § 195(1) and (3) By Failing to Provide Plaintiffs with
          Appropriate Wage Notices and Paystubs and Defendants are subject to Penalties
          under 198 (1)(b), (1)(d) .................................................................................. 14

          a.  NYLL § 195(1) ................................................................................................ 14

          b.  NYLL § 195(3) ................................................................................................ 15

  B.  Arbitration Agreement are Not a Defense to This Motion Because Defendants Failed to
     Avail Themselves of That Forum. .................................................................................... 16

  C.  Defendants Cannot Bar Plaintiffs from Participating in this Action By Asserting
     Unapproved Settlements.................................................................................................... 18

  D.  Damage Calculations. ....................................................................................................... 19

VI.   **CONCLUSION** ........................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acme Am. Repairs, Inc. v. Katzenberg*,
  2010 U.S. Dist. LEXIS 100803 (E.D.N.Y. Sept. 24, 2010) (Mauskopf, *J.*)..............................5

*Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*,
  515 F.3d 1150 (11th Cir. 2008) ..............................................................................12

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).......................................................................................................4

*Ayres v. 127 Rest. Corp.*,
  12 F. Supp. 2d 305 (S.D.N.Y. 1998)........................................................6, 9, 12, 14

*Barenboim v. Starbucks Corp.*,
  21 N.Y.3d 460 (2013) ...................................................................................................9

*Barfield v. N.Y. City Health & Hosp. Corp.*,
  537 F.3d 132 (2d Cir. 2008)........................................................................................11

*Brock v. Wilamowsky*,
  833 F.2d 11 (2d Cir. 1987)..........................................................................................13

*Brown v. Dillard's, Inc.*,
  430 F.3d 1004 (9th Cir. 2005) ....................................................................................17

*Capitol Records, LLC v. Escape Media Group, Inc.*,
  No. 12 Civ. 6646 (AJN)(SN), 2014 U.S. Dist. LEXIS 183098 (S.D.N.Y. May
  28, 2014) (Netburn, *J.*)..................................................................................................4

*Chan v. Sung Yue Tung Corp.*,
  No. 03 Civ. 6048 (GEL), 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007), *abrogated
  on other grounds by, Barenboim*, 698 F.3d 104 .............................................7, 8, 10

*Cheeks v. Freeport Pancake House, Inc.*,
  796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824, 193 L. Ed. 2d 718
  (2016).........................................................................................................................18

*Chenesky v. N.Y. Life Ins. Co.*,
  No. 07 Civ. 11504, 09 Civ. 3210 (WHP), 2012 U.S. Dist. LEXIS 8986
  (S.D.N.Y. Jan. 10, 2012)............................................................................................11

*Chowdhury v. Hamza Express Food Corp., et al.*,
666 Fed. Appx. 59 (2d Cir. Dec. 7, 2016) ............................................................................14

*Chung v. New Silver Palace Rest.*,
246 F. Supp. 2d 220 (S.D.N.Y. 2002)......................................................................................9

*Copantitla v. Fiskardo Estiatorio, Inc.*,
788 F. Supp. 2d 253 (S.D.N.Y. 2011)............................................................................8, 10, 15

*D'Amico v. City of New Yor*k,
132 F.3d 145 (2d Cir. 1998)......................................................................................................4

*Davis v. Blige*,
505 F.3d 90 (2d Cir. 2007), *cert. denied,* 129 S. Ct. 117 (2008).............................................4

*Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
725 F.2d 192 (2d Cir. 1984)....................................................................................................17

*Ehleiter v. Grapetree Shores, Inc.*,
482 F.3d 207 (3d Cir. 2007).....................................................................................................17

*Goenaga v. March of Dimes Birth Defects Found.*,
51 F.3d 14 (2d Cir.1995)............................................................................................................5

*Gunawan v. Sake Sushi Rest.*,
897 F. Supp. 2d 76 (E.D.N.Y. 2012) .........................................................................................6

*Huo v. Go Sushi Go 9th Ave.*,
No. 13 Civ. 6573 (KBF), 2014 U.S. Dist. LEXIS 51621 (S.D.N.Y. Apr. 10,
2014) .........................................................................................................................................15

*Inclan v. New York Hospitality Grp., Inc.*,
95 F. Supp. 3d 490, 501-502, 95 F. Supp. .......................................................................8, 10, 15

*Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith
Inc.*,
626 F.3d 156 (2d Cir. 2010)....................................................................................................17

*Lu v. Jing Fong Rest., Inc.*,
503 F. Supp. 2d 706 (S.D.N.Y. 2007).......................................................................................6

*Maldonado v. BTB Events & Celebrations, Inc.*,
990 F. Supp. 2d 382 (S.D.N.Y. 2013)................................................................................8, 10

*McLaughlin v. Richland Shoe Co.*,
486 U.S. 128 (1988)................................................................................................................12

*Nadeau v. Equity Residential Props. Mgmt. Corp.*,
No. 16 Civ. 7986 (VB), 2017 U.S. Dist. LEXIS 68937 (S.D.N.Y. May 5, 2017)
(Briccetti, *J.*) ...........................................................................................................................17

*Pre–Paid Legal Servs., Inc. v. Cahill*,
   786 F.3d 1287 (10th Cir.) *cert. denied,* 136 S. Ct. 373, 193 L. Ed. 2d 292
   (2015) ..................................................................................................................17

*Reich v. Southern New England Telecomms. Corp.*,
   121 F.3d 58 (2d Cir. 1997)...................................................................................12

*Scott v. Chipotle Mexican Grill, Inc.*,
   67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014) (Netburn, *J.*)......................................11

*Scott v. Harris*,
   550 U.S. 372 (2007)...............................................................................................5

*Shahriar v. Smith & Wollensky Rest. Group, Inc.*,
   659 F.3d 234 (2d Cir. 2011)...................................................................................7

*Stillman v. Staples, Inc.*,
   2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009) .........................................12

*Summit Props. Int'l, LLC v. LPGA*,
   No. 07 Civ. 58444 (LBS), 2010 U.S. Dist. LEXIS 58444 (S.D.N.Y. June 14,
   2010) ......................................................................................................................4

*Tandoor Restaurant, Inc. v. Commissioner of Labor*,
   Docket No. PR-82-85 (Dec. 23, 1987) .................................................................10

*Zhang v. Wang*,
   317 F. App'x 26 (2d Cir. 2008) ...........................................................................16

**Statutes**

29 C.F.R. § 578.3(c)(3).................................................................................................12

29 U.S.C. .........................................................................................................................6

29 U.S.C. § 203(m) ................................................................................................5, 6, 9

29 U.S.C. § 216(b) .............................................................................................3, 11, 12

29 U.S.C. § 260...........................................................................................................12

2 N.Y.C.R.R. § 146-2.14 (e) .........................................................................................9

Fair Labor Standards Act ...............................................................................................1

Fair Labor Standards Act .............................................................................................16

Fed. R. Civ. P. 56(c) ...................................................................................................4, 5

Fed.R.Civ.P. 56(e) .........................................................................................................5

Federal Rules of Civil Procedure Rule 56 ......................................................................1

Local Rule of Civil Procedure 56.1 .............................................................................1

N.Y. Lab. L. § 195(1) ...........................................................................................14, 15

N.Y. Lab. L. § 195(1)(a) (2015) .................................................................................14

N.Y. Lab. L. § 195(3) .................................................................................................15

N.Y. Lab. L § 195(1) and (3) ......................................................................................14

N.Y. Lab. L § 198(1-b) ..............................................................................................15

N.Y. Lab. L. § 195§§ (1) and (3) .......................................................................1, 2, 19

N.Y. Lab. L. § 198 §§ (1)(b), (1)(d) ............................................................................2

N.Y. Lab. L. § 198§§ (1)(b) and (1)(d).................................................................1, 19

N.Y. Lab. L. Because Defendants Did Not Act ..........................................................11

N.Y. Lab. L. § 198(1-a) .............................................................................................11

N.Y. Lab. L. §§ 198(1-a), 663(1)................................................................................13

N.Y. Lab. L. § 198(1-d) .............................................................................................15

N.Y. Lab. L. §§ 198, 663 ...........................................................................................11

N.Y. Lab. L.  § 652(1) .................................................................................................5

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3, N.Y.................................................5

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14......................................................10

Rule 23 ...............................................................................................................1, 2, 4, 16

Statement of Undisputed Facts Pursuant to Local Rule 56.1.................................. *passim*

## I.    __INTRODUCTION__[1]

Plaintiffs are a FLSA Collective[2] and NYLL Rule 23 Class of Wait Staff represented by Jacqueline Gomez ("Gomez") and Yashira Carrasco ("Carrasco")(all together as "Plaintiffs") who submit this memorandum in support of their Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 56.1 against their employers Defendants MLB Enterprises, Corp., d/b/a Lace Gentlemen's Club ("Lace"), and Anthony Capeci ("Capeci") (collectively, "Defendants").   By their Motion, Plaintiffs seek an Order granting summary judgment that:

(1)    Defendants  violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by, illegally paying Plaintiffs the tip credit amount rather than the minimum wage, and by improperly withholding tips;

(2)    Awarding Plaintiffs the minimum wage rate for all hours worked under the NYLL;

(3)    Awarding Plaintiffs that opted into the FLSA collective back wages at the applicable FLSA minimum wage rate for all hours worked;

(4)    Awarding Plaintiffs the amount of tips that were improperly withheld and those that were improperly pooled with ineligible employees;

(5)    Awarding Plaintiffs liquidated damages under the FLSA and NYLL;

(6)    Ordering Defendants to pay penalties to Plaintiffs pursuant to sections NYLL 198§§ (1)(b) and (1)(d) violating sections NYLL 195§§ (1) and (3) by failing to provide accurate wage statements and annual wage notices; and[3]

(7)    Ordering and permitting all Plaintiffs who signed arbitration agreements including

---

[1] In support of their Motion, Plaintiffs submit the Declaration of David Roth ("Roth Decl."), and Exhibits attached thereto.  Exhibits will be identified by reference to the Declaration of David A. Roth in the form "Ex.___." Witness testimony will be cited by last name and relevant page number (e.g., "Capeci (Ex.___) at __".

[2] In addition to named Plaintiffs, the following have Opted into this action: Anastasia Romanchenko, Natalie Flores, Christine Munoz, Alina Gumerova, Madeline Randazzo, Kathleen Maguire, Jeimy Jimenez, Vanessa Villalva and Rubi Gonzalez.

[3] Calculations for these damages are contained in the Joint Pretrial Order under Plaintiffs Exhibit List, the Exhibit section of the Pretrial Order also discusses Defendants contention that the method of damage calculation is not in dispute.

Yashira Carrasco and Theresa Robinson to participate in this action as Plaintiffs, Collective or Class members due to Defendants' willful violation of this Court's order dated August 28, 2015, the rules of AAA and a material term of their uniform arbitration agreements by failing to pay for the arbitration as required once filed; [4]

(8)    Tolling Theresa Robinson's FLSA claims; and

(9)    For such other and further relief as this court may deem just and necessary.

## II.    **PRELIMINARY STATEMENT**

This is the archetypal case for resolving liability issues on summary judgement as well as damages. Plaintiffs are servers who worked for Defendants at various periods of time on or after April 29, 2009. Although mandated by both the FLSA and NYLL, Plaintiffs were not paid minimum wages by Defendants. Rather, in a scheme designed to flout both laws, Defendants improperly availed themselves of the relevant "tip credit" mechanisms and misappropriated, for their own benefit, a portion of tips that rightfully belonged to Plaintiffs. Not satisfied to stop there, Defendants also required Plaintiffs to share a further portion of their tips with "bar-backs" and bartenders who, as Defendants' corporate witness conceded, are non-service employees that are, ineligible to participate in any tip-sharing agreement under the FLSA and NYLL.

Finally, the uncontroverted evidence indicates that Defendants took no reasonable steps to verify the manner in which they paid the Plaintiffs was proper. Defendants' wage violations extend to their failure to provide Plaintiffs and the NYLL Rule 23 Class Members with an annual notice or an accurate wage statement with each payment of wages detailing all allowances, tips and/or deductions taken by Defendants pursuant to sections NYLL 198 §§ (1)(b), (1)(d) and NYLL 195§§ (1)(3). Such reckless behavior makes this action ripe for a finding that Plaintiffs are legally entitled to liquidated damages under the FLSA and NYLL. Accordingly, because there are no genuine issues of material fact on these issues, summary judgment is eminently appropriate.

---

[4] Plaintiffs note that they do not assert that any payment made may later be found to act as a monetary offset to any amount they might collect in this action.

### III.   BACKGROUND

In their Complaint, filed April 29, 2015, Plaintiffs alleged a number of FLSA and NYLL tip-credit and notice violations, discussed in greater detail herein. *See* Dkt. No. 1.  On June 11, 2015 Defendants made a motion to dismiss and/or compel Plaintiffs Yashira Carrasco and Jacqueline Gomez to arbitration. Dkt. No. 21.  On August 18, 2015, this Court granted Defendants' application as to Yashira Carrasco and found that any purported arbitration agreement between Lace and Plaintiff Gomez was the byproduct of a forgery and therefore void.  Dkt. No. 54.  On November 4, 2015, Plaintiff requested that conditional certification of the FLSA Collective described in Plaintiff's Complaint be granted on the basis of Defendants' own admissions. Dkt. No. 71.  On November 19, 2015, Defendants' consented to Plaintiff's application. Dkt. No. 78. On November 20, 2015, the Court granted Plaintiff's motion for conditional collective certification of their FLSA claims pursuant to 29 U.S.C. § 216(b). Dkt. No. 79.[5]  After which, eleven individuals filed consent to join this action.  On November 5, 2015, consistent with this Court's Order, Plaintiff Carrasco and Robinson filed claims against Defendants in their selected Arbitral forum, the American Arbitration Association ("AAA").  On April 13, 2016 Plaintiffs received notification that Carrasco and Robinson's Arbitrations were being closed and that as Defendants failed to provide payment as required by AAA's Employment Arbitration Rules and Employment Due Process Protocol.  As a result, AAA stated that it would no longer administer any future employment matters involving Defendants.[6]  Thereafter, on January 6, 2017 this Court granted as

---

[5] Defendants have failed to move to decertify the FLSA Collective.

[6] Defendants put both the Court and Plaintiff's counsel through the time and expense of motion practice to compel arbitration, inclusive of filing a notice of appeal with the Second Circuit, staying the instant action, only to later withdraw that appeal three months later.  On April 13, 2016 Plaintiffs' counsel received correspondence from the American Arbitration Association ("AAA") indicating that Defendants failed to pay their required filing fee, resulting in a dismissal of former Plaintiff Yashira Carrasco and Theresa Robinson's arbitration claims before the AAA.  Defendants have informed Plaintiffs that they do not intend to incur the expense associated those arbitrations.

to liability only the Plaintiffs motion for class certification under Rule 23 (a) and (b)(3). Dkt. No. 107.

## IV.    STATEMENT OF FACTS

Plaintiffs respectfully refer the Court to their Statement of Undisputed Facts Pursuant to Local Rule 56.1 ("SOF"), which is incorporated by reference. Ex. Q.

## V.    ARGUMENT

Summary judgment is warranted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Davis v. Blige,* 505 F.3d 90, 97 (2d Cir. 2007), *cert. denied,* 129 S. Ct. 117 (2008).

> To show the existence of a genuine issue, the nonmoving party must have more than a scintilla of evidence to support its position. 'The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful.'

*Summit Props. Int'l, LLC v. LPGA*, No. 07 Civ. 58444 (LBS), 2010 U.S. Dist. LEXIS 58444, at *4-5, (S.D.N.Y. June 14, 2010) (quoting *D'Amico v. City of New Yor*k, 132 F.3d 145, 149 (2d Cir. 1998)) (internal citation omitted).  A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 248 (1986).  In opposing summary judgment, "the non-moving party must produce evidence in the record and 'may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible[.]'" *Capitol Records, LLC v. Escape Media Group, Inc.*, No. 12 Civ. 6646 (AJN)(SN), 2014 U.S. Dist. LEXIS 183098, *7 (S.D.N.Y. May 28, 2014) (Netburn, *J.*) (citations and

---

Dkt. No. 100-15. Thus, Defendants cannot argue that any individual should be excluded from the proposed Class on account of an individual being subject to an arbitration agreement. Particularly, as to date, the sole function of these agreements has only been to institute delay within these proceedings.

quotations omitted).  Moreover, "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995).  They must "come forward with 'specific facts showing that there is a genuine issue for trial and may not rely on conclusory allegations or unsubstantiated speculation.  In other words, … [they] must offer 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Acme Am. Repairs, Inc. v. Katzenberg*, 2010 U.S. Dist. LEXIS 100803, 8-9 (E.D.N.Y. Sept. 24, 2010) (citations omitted) (Mauskopf, *J.*); Fed.R.Civ.P. 56(e).  The mere existence of a "scintilla of evidence in support … will be insufficient; there must be evidence on which the jury could reasonably return a verdict in his favor." *Id*. (quotations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).

## A.     Defendants Violated the Minimum Wage Requirements of the FLSA and NYLL.

### i.     Minimum Wage Requirements.

Both the FLSA and NYLL establish a "floor" for minimum wages.[7]  However, under certain circumstances, the FLSA and NYLL permit employers to take a tip credit against the wages of a "tipped employee" by paying him or her a slightly lower hourly wage, provided, *inter alia,* that "***all tips received by such employee have been retained by the employee***."  29 U.S.C. § 203(m); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3, N.Y. Lab. L. § 196-d (emphasis added).

---

[7] The New York minimum wage was $7.15 until July 24, 2009, when it was increased to $7.25.  It was subsequently increased to $8.00 on December 31, 2013, $8.75 on December 31, 2014, $9.00 on December 31, 2015, and $10.50 on December 31, 2016.  NYLL § 652(1).  By comparison, the Wait Staff at Lace was paid $4.60 per hour from 2009 to 2010, $5.00 per hour in 2011 and $7.50 per hour from January 1, 2016 to present.

Defendants are not entitled to the FLSA or NYLL tip credits because they retained portions of Plaintiffs' tips and/or distributed portions of their tips to non-tip-eligible individuals, as discussed below.[8] *See Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) ("[D]efendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [29 U.S.C.] § 203(m)."); *Lu v. Jing Fong Rest., Inc.,* 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007) (finding that illegal deductions from employees' tips render an employer "ineligible to receive a tip credit under New York law"); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 89 (E.D.N.Y. 2012)(holding that employer must refrain from withholding any portion of the employees' tips or requiring some employees to share the tips they receive with non-service employees, such as managers or kitchen staff, who do not customarily and regularly receive tips).

### ii.   Defendants Illegally Retained 15% of Plaintiffs' Credit Card Tips.

#### a.   Plaintiffs Are Entitled to the Minimum Wage Because Defendants' Improperly Retained Approximately 15% of Their Tips.

Plaintiffs were paid the at the tip credit style hourly rate instead of the minimum wage rate by Defendants.  The Defendants withheld and kept 15% of all of Plaintiffs credit card tips which is in violation of the NYLL and FLSA.  Defendants testified that Lace retains 15% of all waitress credit card tips to bolster its profits. Ex. Q. SOF ¶¶ 71-72.  All waitresses at Lace, including Plaintiffs, are subject to Defendants' tip pool and deductions scheme.  Ex. Q. SOF ¶ 49, 60.  In fact, Lace's accounting entries and paycheck summaries detail the retention of tips by Lace, Ex. Q. SOF ¶ 73, and Lace's payroll data and the spreadsheets compiled based upon said payroll data

---

[8] Defendant Capeci admitted that Defendants were the recipient of 15% of all waitress gratuities.¨ SOF ¶71-72

confirm that waitresses' wages are calculated in exactly the same way.  SOF ¶ 49, 74.[9]

Thus, Plaintiffs should have been paid at the minimum wage rate.  Plaintiffs are entitled to the difference between what they were paid and the minimum wage rate.[10]

Defendants' retention of 15% of Plaintiffs' credit card tips to the house clearly violates New York law.

Section 196-d of the NYLL provides:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. [. . .] Nothing in this subdivision shall be construed as affecting [. . .] the sharing of tips by a waiter with a busboy or similar employee.

Moreover, where, as here, the house receives tips from a tip pool or share, it is a violation of the NYLL.  *Shahriar v. Smith & Wollensky Rest. Group, Inc*., 659 F.3d 234, 240 (2d Cir. 2011) ("New York law [] prohibits employers from requiring tipped employees to pool tips with non-service employees or managers.").  In such circumstances, Defendants cannot avail themselves of the tip credit.  *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 WL 313483, at *29 (S.D.N.Y. Feb. 1, 2007), *abrogated on other grounds by, Barenboim*, 698 F.3d 104.

Accordingly, and by their own admissions, Defendants' retention of Plaintiffs' tips makes clear that their use of the tip credit mechanism is illegal and Plaintiffs should be awarded the minimum wage for all hours worked.

---

[9] As part of discovery, Defendants produced to Plaintiffs payroll information for their waitresses. This information includes the amount Plaintiffs received in credit card tips, on a weekly basis, *after* Defendants subtracted 15% for non-servers and then 15% for the house. Roth Decl. (Ex.Q.) ¶71, 72.  The evidence demonstrates that waitresses, uniformly, were compensated on the same basis (i.e., an hourly wage plus tips charged to a credit card).  Based on this information, and Defendants' admission that all waitresses were subject to its improper tip-sharing practices, Plaintiffs can readily determine how much Defendants subtracted from Plaintiffs' tips and, conversely, the amounts owed to each.

**b. Plaintiffs are entitled a return of the 15 % tips which Defendants illegally retained.**

As stated above, Defendants illegally withheld their tips and as such they are entitled to the amount of tips Defendants illegally retained.

Defendants themselves plainly retained a portion of Plaintiffs' tips, in violation of the express language of § 196-d.  It was unlawful for Defendants to require Plaintiffs to pool their tips with both Lace, and non-service employees.   The undisputed facts of this case show that Defendants violated § 196-d, and summary judgment is warranted on the question of their liability. Defendant Capeci admitted that Defendants were the recipient of 15% of all waitress gratuities:

> Q. [. . . Y]our answer to D. It says, "The percentage of credit-card tips that were paid to the club" --
> A. Fifteen percent.
> Q. – "15 percent." So that was taken from the credit-card receipts?
> A. Yes.

Ex. Q. SOF ¶71-72.

As a result of Defendants' illegal tip practices, Defendants must "disgorge the amount of tip-credit deducted from each plaintiff's wages," and return to each Plaintiff the amount of tips wrongfully withheld.  *Inclan*, 95 F. Supp. 3d 490, 501-502, 95 F. Supp. at 501-02; *Copantitla*, 788 F. Supp. 2d at 290-91; *Maldonado*, 990 F. Supp. at 386-87; see also *Chan v. Sung Yue Tung Corp*, No. 03 Civ. 6048 (GEL), 2007 WL 313483, at *18 (S.D.N.Y. Feb. 1, 2007), *abrogated on other grounds by, Barenboim*, 698 F.3d 104. (awarding both the tip-credit differential and wrongfully withheld tips).

**iii.    Defendants Violated the Tip Credit Provisions by Requiring that Plaintiffs Pool Tips with Non-Service Employees.**

**a. Plaintiffs Are Entitled to the Minimum Wage Because Defendants' Improperly Pooled Their Tips.**

Lace improperly retained an additional 15% of Plaintiffs' tips for distribution to its non-

service employees.  Lace's corporate witness admitted that in addition to the 15% Lace retained

for itself, Lace deducted an additional 15% of all Waitress credit card tips for distribution to the

non-service bar-back, and bartender employees. Ex. Q. SOF ¶71-72. [11]  These practices violate the

FLSA and NYLL.

The New York Court of Appeals set forth a clear standard for what constitutes a violation

of § 196-d.  Specifically, the Court of Appeals clarified that employer-mandated tip splitting be

limited to only those employees "whose personal service to patrons is a principal or regular part

of [their] duties." *Barenboim v. Starbucks Corp*., 21 N.Y.3d 460, 473–74 (2013).

Employees that do not "perform, or assist in performing, personal service to patrons at a

level that is a principal and regular part of their duties and is not merely occasional or incidental"

cannot participate in tip pool with service employees. *Id*. (quoting 2 N.Y.C.R.R. § 146-2.14 (e)). *see*

*Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("The taking of

shares of waiters' tips by [persons] with managerial authority . . . violates the statutory condition

that 'all tips' received by the waiters and busboys be 'retained' by the waiters and busboys.");

*Ayres*, 12 F. Supp. at 308-309 (finding that as Defendant's manager "was not an employee 'who

customarily and regularly received tips,'" his participation in the tip pool violated the tip credit

provisions set forth in 29 U.S.C. § 203(m)).

Defendants' corporate witness testified that bartenders do not interact with customers and

that all customers must order drinks from the Wait Staff. Ex. Q. SOF ¶ 63-67.  Defendants' bar-

backs perform a janitorial function for the club and their interaction with customers is incidental

at best. SOF ¶ 68-70.  The testimony of Defendants indicates that, since 2009, bartenders have had

the same duties and responsibilities – to work at the service bar where they fill drink orders and

---

[11] Therefore, a total of a little less than 30% of Plaintiffs' tips were *impermissibly retained and/or distributed by Defendants*.

process credit card transactions. *Id.* There are no barstools at the service bar, and customers cannot get a drink at the bar. *Id.* Customers can only order a drink through a waitress. *Id.* In addition, and also since 2009, bar-backs have had the same duties as responsibilities – to make sure the bar is stocked, clear tables and put items in the dishwasher, and generally clean the establishment. *Id.* Bar-backs clean and take empty glasses and beer bottles away. *Id.* Bar-backs do not serve drinks to customers. *Id.*

An employer loses its right to a tip credit if it requires tipped employees, such as Plaintiffs, to pool tips with non-service employees. Under § 196-d, non-service employees that have only "de minimis," "occasional or incidental" customer interaction cannot share in the receipt of tips. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14 (expounding that tipped "[e]mployees must perform, or assist in performing, personal service to patrons at a level that is a principal and regular part of their duties and is not merely occasional or incidental"); *see also Tandoor Restaurant, Inc. v. Commissioner of Labor*, Docket No. PR-82-85, at *3 (Dec. 23, 1987) (applying § 196-d and holding that employer was not permitted to force employees to share tips with employees who are not engaged in "meaningful aspect of direct service to customers").

Here, because Defendants forced Plaintiff and Class Members to pool their tips with tip ineligible, non-service, employees, Defendants are not entitled to the tip credit and Plaintiffs and the Class should be compensated by both the difference between the amount paid under the tip credit provisions and the actual minimum wage, as well as the amount of the impermissible deductions; *Inclan v. New York Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 501-502, 95 F. Supp. at 501-02; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 at 290 (S.D.N.Y. 2011); *Maldonado v. BTB Events & Celebrations, Inc.*, 990 F. Supp. 2d 382, 386-87 (S.D.N.Y. 2013); *see also Chan v. Sung Yue Tung Corp*, No. 03 Civ. 6048 (GEL), 2007 WL 313483, at *25 (S.D.N.Y. Feb. 1, 2007), *abrogated on other grounds by, Barenboim*, 698 F.3d 104. (awarding

both the tip-credit differential and wrongfully withheld tips where plaintiffs were required to pool tips with improper employees).

        **iv.**      **Plaintiffs Are Entitled to Liquidated Damages Under the FLSA and NYLL Because Defendants Did Not Act in Good Faith.**

Both the FLSA and the NYLL provide for liquidated damages *in addition to actual damages*. The FLSA provides for liquidated damages of 100% (29 U.S.C. § 216(b)), and the NYLL provides for liquidated damages of 25% for violations occurring before April 9, 2011, and 100% for violations accruing after. *See* NYLL §§ 198, 663.

An employer who violates the FLSA is subject to liquidated damages equal to the amount of wages owed unless it can show that the actions giving rise to its liability were "in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the" FLSA. 29 U.S.C. §§ 216(b). Similarly, for violations of the NYLL, a plaintiff is entitled to liquidated damages equal to the amount of his unpaid wages unless the employer "proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); *Chenesky v. N.Y. Life Ins. Co*., No. 07 Civ. 11504, 09 Civ. 3210 (WHP), 2012 U.S. Dist. LEXIS 8986, at *6 (S.D.N.Y. Jan. 10, 2012). "Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. N.Y. City Health & Hosp. Corp*., 537 F.3d 132, 150 (2d Cir. 2008). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Scott v. Chipotle Mexican Grill, Inc*., 67 F. Supp. 3d 607, 613 (S.D.N.Y. 2014) (Netburn, *J.*) (quotations and citations omitted).

Significantly, where an employee can show that an employer willfully violated the statute – which, importantly, in this context, means recklessly – the statute of limitations for damages for the FLSA collective is extended to three years (and the amount of liquidated damages is increased

accordingly).  29 U.S. § 255.  Reckless disregard arises where "the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry."  29 C.F.R. § 578.3(c)(3).[12]

### a.    FLSA Liquidated Damages

An employer who violates the FLSA is liable for liquidated damages equal to the amount of unpaid wages unless it can demonstrate that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate the FLSA.  29 U.S.C. § 216(b); *Ayres,* 12 F. Supp. 2d at 309 ("Under the FLSA, double damages are the norm unless a defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it.") (internal quotations omitted).

The Second Circuit has explained that "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness.  The burden, under 29 U.S.C. § 260, is a difficult one to meet. *Reich v. Southern New England Telecomms.*

---

[12] The standard was well, and precisely stated, by Magistrate Judge (now Circuit Judge) Patti Swartz in *Stillman v. Staples, Inc*., 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009):

> In addition, a willful violation occurs when an employer is evidently indifferent to the FLSA's requirements.  The word willful is considered synonymous with such words as voluntary, deliberate, and intentional, and the term is generally understood to refer to conduct that is not merely negligent.  An employer shows reckless disregard [for] the requirements of the Act [when it] fail[s] to make adequate inquiry into whether conduct is in compliance with the [FLSA].  Plaintiffs can show willfulness by demonstrating that either the defendant knew its conduct was prohibited by the FLSA or showed a reckless disregard for its requirements or did not make adequate inquiry into exactly what the FLSA requires.

*Id*. at *41-42 (citations and quotations omitted). *See also Morgan*, 551 F.3d at 1280; *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988) (employee must prove that his employer either knew that its conduct was prohibited by statute or showed reckless disregard about whether it was).

*Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (citations and internal quotation marks omitted). *See also Brock v. Wilamowsky,* 833 F.2d 11, 20 (2d Cir. 1987) ("The Act does not authorize the court to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense.").

Here, Defendant Capeci testified that since 2009 he has been responsible for setting the pay policies at Lace, the manner in which the waitresses are paid, the manner in which the staff is paid, and the manner in which the tips are pooled.  Ex. Q. SOF ¶ ¶ 42-46, 77-80.  Capeci is, however, not a lawyer; rather, he is a Certified Public Accountant ("CPA").  *Id.*   Despite this, Capeci testified that he was solely responsible for determining whether Lace's compensation and tip sharing policies complied with all applicable laws.  *Id.* As part of ensuring that Defendants complied with the FLSA and NYLL, however, Mr. Capeci did not consult with a lawyer to determine whether Lace's tip sharing policies were legal.  *Id.* In fact, Mr. Capeci admitted that he did not undertake any specific course of study to determine whether the company was in compliant with applicable tip sharing laws. *Id.*   The only action Defendants took to ensure that their tip-sharing policies complied with the law was to investigate how other strip clubs paid their employees, needless to say Defendants' actions were woefully inadequate.  *Id.*

Defendant has failed to establish any kind of good faith effort or reasonable belief that Lace was complying with the FLSA.  In fact, their violations of the FLSA, as set forth above, were so blatant that Defendants could not have reasonably believed they were complying with the law. Thus, Plaintiffs are entitled to liquidated damages on their FLSA claim.

### b.  NYLL Liquidated Damages

The NYLL allows a worker to recover 25 percent (pre-April 9, 2011) or 100 percent (post-April 9, 2011) of his or her unpaid wages as liquidated damages where an employer's violation is willful.  NYLL §§ 198(1-a), 663(1).  "A violation of the New York Labor Law is willful . . . where

the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages.  No

finding of malice or bad faith, however, is necessary."  *Ayres*, 12 F. Supp. 2d at 309.  Here,

Defendants took a portion of Plaintiffs tips and purposely kept it.  Ex. Q. SOF ¶ 72.  Such a patent

violation of § 196-d must have been made "knowingly, deliberately, or [in] voluntary disregard

[of their] obligation to pay wages."  Thus, Defendants must pay Plaintiffs state law liquidated

damages.[13]

v.      **Defendants Violated NYLL § 195(1) and (3) By Failing to Provide
Plaintiffs with Appropriate Wage Notices and Paystubs and
Defendants are subject to Penalties under 198 (1)(b), (1)(d).**

Under N.Y. Lab. Law § 195(1) and (3), employers are required to furnish their employees

with wage notices and wage statements containing information specified by statute.

**a.  NYLL § 195(1)**

Beginning April 9, 2011, Defendants were required to give Plaintiffs "at the time of

hiring" a notice written in English and each Plaintiff's primary language stating:

> the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,
> salary, piece, commission, or other; *allowances, if any, claimed as part of the
> minimum wage, including tip*, meal, or lodging allowances; the regular pay day
> designated by the employer in accordance with section one hundred ninety-one of
> this article; the name of the employer; any "doing business as" names used by the
> employer; the physical address of the employer's main office or principal place of
> business, and a mailing address if different; [and] the telephone number of the
> employer[.]

N.Y. Lab. L. § 195(1)(a) (2015) (emphasis added).

As outlined above, Plaintiffs uniformly stated that they were never provided such

statements.  SOF ¶¶ 54-55.  Accordingly, Plaintiffs and Class Members who worked for

---

[13] In *Chowdhury v. Hamza Express Food Corp., et al.*, 666 Fed. Appx. 59, 61 (2d Cir. Dec. 7,
2016), the Second Circuit affirmed the district court's decision denying the award of cumulative
liquidated damages under both the FLSA and NYLL.  Accordingly, Plaintiffs do not seek double-
liquidated damages.

14

Defendants after April 9, 2011 are entitled to recover the statutory damages authorized under N.Y. Lab. Law § 198(1-b). *See Huo v. Go Sushi Go 9th Ave.*, No. 13 Civ. 6573 (KBF), 2014 U.S. Dist. LEXIS 51621, at *15 (S.D.N.Y. Apr. 10, 2014) (awarding damages for failure to provide notice required by N.Y. Lab. L. § 195(1)).

### b.  NYLL § 195(3)

Beginning April 9, 2011, Defendants were also required to furnish Plaintiffs with written statements accompanying every payment of wages listing:

> the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; *deductions; allowances, if any*, claimed as part of the minimum wage; and net wages. [. . .]

N.Y. Lab. L. § 195(3) (emphasis added).

Although Defendants provided paystubs to Plaintiffs with their weekly pay, the paystubs did not meet the requirements of § 195(3).  The paystubs failed to list the tip credit allowances Defendants were claiming against the minimum wage and the deductions made from Plaintiffs credit card tips.  Ex. R. (pay stubs) *Copantitla*, 788 F. Supp. 2d 253 at 290 (finding that the defendant violated the NYLL where it failed to show "allowances … claimed as part of the minimum wage.").  As a result, Plaintiffs are entitled to recover the statutory damages authorized under NYLL § 198(1-d). *See, e.g., Inclan*, 95 F. Supp. 3d at 502 (S.D.N.Y. 2015) ([T]hese pay statements do not state the amount of the tip credit allowance.  Thus, those pay statements were not in compliance with the WTPA.").

### B.  Arbitration Agreement are Not a Defense to This Motion Because Defendants Failed to Avail Themselves of That Forum.

Plaintiff Yashira Carrasco and Opt-In Theresa Robinson commenced arbitration proceedings against Defendants with the American Arbitration Association ("AAA").  Ex. Q. ¶¶

90, 91.   However, as Defendants acknowledge, they not only have refused to participate in arbitration – and deliberately chosen not to pay the required fees to the AAA – but now they agree that such claims should be included as part of this action in order "to avoid the possibility of inconsistent outcomes now that other former Lace employees have opted into the conditionally-certified Fair Labor Standards Act collective."   *See* Defendants' Opp'n to Plaintiffs' Rule 23 Motion to Certify the Class (Dkt. No. 101), n.1.[14]   This violates the Court's Order compelling the parties to arbitration.   *See* Dkt. No. 54. Following Defendants' refusal to pay the required arbitration fees, the AAA closed both Ms. Carrasco and Ms. Robinson's arbitrations, and have refused to administer any future employment matters involving Defendants.   *See* Dkt. No. 100-15. Nonetheless Defendnats continue to assert that Carrasco and Robinson should arbitrate their claims.[15]   This came only after Defendants were given multiple extensions of time to pay such fees Ex. Q. SOF ¶ 93, thus unnecessarily delaying proceedings they admit they never intended to participate in.   Defendants should not be permitted to argue that summary judgment should be denied because of the existence of any purported arbitration agreements between the parties or similarly, that certain members of the FLSA Collective or Class should not be permitted to participate in this action due to the existence of an arbitration agreement.

Notwithstanding this, and responding to any anticipated arguments Defendants may make, it is clear that Defendants, breached the arbitration agreements and have otherwise waived their right to proceed with arbitration.   "Like contract rights generally, a right to arbitration may be

---

[14] Defendants state that they proposed to Plaintiffs' counsel that Ms. Carrasco be permitted by agreement to litigate her claims in the course of this litigation.   *See* Dkt. No. 101, n.1.   At the deposition of Mr. Capeci on March 18, 2016, counsel for Plaintiffs indicated that they agreed to proceed in that fashion and, while the parties have not specifically briefed the issue, Plaintiffs believe that these claims are ripe for inclusion in this action and the previous stay ordered by the Court should be lifted. Dkt. No. 100-15.

[15] *See* Roth Decl (Ex. S).

modified, waived or abandoned.  A refusal by a party to arbitrate upon demand duly made by the other side constitutes such a waiver." *Zhang v. Wang*, 317 F. App'x 26, 28 (2d Cir. 2008) (internal citations, quotation marks, and alterations omitted); *Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 725 F.2d 192, 195 (2d Cir. 1984) (noting that failure to arbitrate a dispute, despite being ordered to do so by the relevant arbitral authority, constitutes default of an arbitration agreement); *Brown v. Dillard's, Inc*., 430 F.3d 1004, 1013 (9th Cir. 2005) (holding that "when an employer enters into an agreement requiring its employees to arbitrate, it must participate in the process or lose its right to arbitrate.").[16]

This case is similar to that decided by a sister court in this district – *Nadeau v. Equity Residential Props. Mgmt. Corp*., No. 16 Civ. 7986 (VB), 2017 U.S. Dist. LEXIS 68937 (S.D.N.Y. May 5, 2017) (Briccetti, *J.*).  There, the defendant failed to pay their portion of the AAA fee and, after multiple reminders, the AAA administratively terminated the case.  *Id*., at *4-6.  The court found that the defendant had materially breached the arbitration agreement by failing to timely pay the arbitration fee before the AAA closed the case, and, under New York contract law, was unable to now enforce it against the plaintiff.  *Id*. at *10-11; *see also Pre–Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir.) *cert. denied,* 136 S. Ct. 373, 193 L. Ed. 2d 292 (2015). ("Our holding is consistent with decisions of other courts that have determined a party's failure to pay its share of arbitration fees breaches the arbitration agreement and precludes any subsequent attempt by that party to enforce that agreement."),

---

[16] *See also See also Ehleiter v. Grapetree Shores, Inc.,* 482 F.3d 207, 218 (3d Cir. 2007) (finding that a belated invocation of a request for arbitration agreement should be denied where such an action is no more than a "thinly veiled attempt to forum shop."); *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 626 F.3d 156, 161 (2d Cir. 2010) (holding that a litigant is not entitled to use an arbitration agreement as a means of aborting an action that did not proceed as planned in the district court).

Accordingly, to the extent that Defendants point to the existence of arbitration agreements to defeat summary judgment, they have waived their ability to do so and the Court should, respectfully, give no weight to such arguments.

### C.  Defendants Cannot Bar Plaintiffs from Participating in this Action By Asserting Unapproved Settlements.

In October 2015, even though this action was pending, Defendants choose to reach out to the putative collective concerning settlement in an attempt to bypass these proceedings by entering into settlement agreements with putative class and collective action members on inequitable terms highly favorable to the Defendant. *See* Dkt. No. 69.  Defendants cannot attempt to enforce any of these purported, non-court approved, settlement agreements in an effort to limit FLSA damages in this action.  As provided in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016), FLSA claims cannot be settled without court or the Department of Labor's approval of the settlement.

The Court's decision in *Cheeks* was aimed at remedying the disparate barraging power that is at play in "settlements" such as those at issue here wherein Defendants without accounting for their employees' weeks worked or time within the statutory period offered every class and collective action member $500.00.  Thus, Plaintiffs respectfully request that this Court preclude Defendants from attempting to use such settlement agreements as a bar to any collective action member's recovery within this action.[17]

### D.  Damage Calculations.

A spreadsheet calculating Plaintiff's damages is incorporated herein by reference. Ex. P. Defendants, have stipulated to the veracity of the numbers contained in the damage spreadsheet

---

[17] Plaintiffs however, do not dispute that any monetary amount received would operate as an offset to any recovery to which they may be entitled in this action.

cited herein, which contains a calculation of the totality of the damages at issue in this action, if Plaintiffs were to prevail on all of their claims. Ex. P.   The parties have agreed to adjust the pay data to the extent that a number or calculation on the spreadsheet needs to be adjusted for accuracy. Under the above analysis, Plaintiffs, the Collective and Class are entitled to damages to be calculated as follows:

    i.    Back wages at the minimum wage rate to be calculated by subtracting the minimum wage rate by the amount paid to Plaintiffs and;

    ii.    The amount of Plaintiffs' tips that were illegally withheld pursuant to Defendants' policy of taking 15% of all credit card tips earned to pool and then taking 15% of the remaining tip amount to pool with tip ineligible employees resulting in a deduction of approximately 28% which is contained in Column L of the attached spreadsheet.  Ex. P.

    iii.    NYLL Liquidated damages calculated at 25% of Plaintiffs overall damages for each week worked between April 29, 2009 and April 9, 2011 and 100% liquidated damages for the remainder of the statutory period up and until the date judgment is entered in this case.

    iv.    Penalties under NYLL 198§§ (1)(b) and (1)(d) for wage statement violations pursuant to NYLL 195§§ (1) and (3) in the amount of $50.00 per workweek (capped at a total of $2,500) per employee due to Defendants' failure to provide Plaintiffs with accurate wage statements on each payday in accordance with the NYLL for each work week from April 9, 2011 to February 27, 2015 and statutory damages of $250.00 per workday, (1,000 per workweek) (capped at $5,000) per employee from February 27, 2015 to entry of judgment in this action.

    v.    Penalties under NYLL 198§§ (1)(b) and (1)(d) for wage statement violations

pursuant to NYLL 195§§ (1) and (3) in the amount of $50 per workweek (capped at a total $2,500) per employee for each work week from April 9, 2011 to February 27, 2015 and statutory damages of $50 per workday (capped at $5,000) per employee, until repealed for each instance Plaintiffs were not provided an annual notice.

vi.   Pre-and post-judgment interest on Plaintiffs' NYLL claims, attorneys' fees, costs, and disbursements which continue to accrue.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for partial summary judgment.

Dated: October 26, 2017                    Respectfully submitted
       New York, New York

                                  By:     s/David A. Roth
                                          David Roth, Esq.
                                          Marc Hepworth, Esq.
                                          Charles Gershbaum, Esq.
                                          Rebecca S. Predovan, Esq.
                                          **HEPWORTH GERSHBAUM & ROTH PLLC**
                                          192 Lexington Avenue, Suite 802
                                          New York, New York 10016
                                          Tel.: (212) 545-1199
                                          Fax: (212) 532-3801

                                          *Attorneys for Plaintiffs, the Collective and Class*

20