IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JACQUELINE GOMEZ, *Et Al.*, | : | Case No. 15-cv-03326-CM |
| Plaintiffs, | : | |
| V. | : | |
| LACE ENTERTAINMENT, INC., *Et Al.*, | : | |
| Defendants. | : | |

**DEFENDANTS MLB ENTERPRISES, CORP. AND
ANTHONY CAPECI'S RESPONSE TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   Introduction**

At issue in this case are the compensation practices that Defendants MLB Enterprises Corp. and Anthony Capeci used to pay waitresses in their Times Square gentleman's club. Defendants have moved for partial summary judgment as to Plaintiffs' uniform maintenance claims and as to the portion of waitresses' credit card tips that MLB retained in order to offset credit card processing fees. (Doc. 127.)  In contrast, Plaintiffs have moved for partial summary judgment as to their tip-pooling and tip retention claims and as to their request for liquidated damages. (Docs. 131-133.) In addition, there remain unresolved questions in this case regarding the constituency of the waitress class, given that a substantial number of the employees with potential claims against MLB signed arbitration agreements as a condition of employment that also waived their right to participate in class and collective actions. (*See* Ex. 1: Capeci Aff.) And still others have already settled their claims against MLB and have entirely released the company and Mr. Capeci from liability. (*Id.*)

1

For the reasons that follow, the Court should deny Plaintiffs' request for partial summary judgment and should determine that employees who signed arbitration agreements or executed settlement releases should be excluded from the waitress class at trial.

## II. Plaintiffs Are Not Entitled To Summary Judgment.

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American Int'l. Group, Inc. v. London American Int'l. Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which the nonmoving party has the burden of proof, then summary judgment is appropriate. *Celotex*, 477 U.S. at 323.

### A. Plaintiffs are not Entitled to Summary Judgment on their Tip-Pooling Claims.

Plaintiffs assert that they are entitled to summary judgment as to their claims that MLB improperly withheld 15% of waitresses' credit card tips and improperly required an additional 15% to be shared with service bartenders and barbacks. This is wrong as a matter of law.

#### 1) Tips retained by the club

Plaintiffs seek summary judgment in their favor as to their claim that MLB retained 15% of waitresses' credit card tips in violation of the FLSA and NYLL. But Plaintiffs are not entitled

to summary judgment on this issue, because, as a matter of law, MLB is entitled to retain a portion of employee tips to offset credit card processing fees and because a dispute of material fact exists as to the amount MLB reasonably withheld for these expenses.

An employer is entitled to deduct funds from a tip pool that is reasonably calculated to cover credit card processing fees. *See, e.g., Kung Gang, Inc.*, 2015 WL 2222438 (S.D. N.Y. March 19, 2015); *Myers v. The Copper Celler Corp.*, 192 F.3d 546, 552-56 (6th Cir. 1999); *Cao v. Wu Liang Ye Lexington Rest.*, 2010 WL 4159391, at *3-4 (S.D. N.Y. Sept. 30, 2010); *Widjaja v. Kang Yue USA Corp.*, 2011 WL 4460642, at *7 (E.D. N.Y. Sept. 26, 2011); *see also* James Lockhart, *Tips as Wages for Purposes of Federal Fair Labor Standards Act*, 46 A.L.R. Fed. 2d 23, ¶¶ 38-39 (2015). An employer may demonstrate the reasonableness of the deduction by providing evidence as to the amount or percentage of credit card processing fees. *Kim*, 2015 WL 2222438, at *27. Credit card processing fees of three percent have been deemed by federal courts to be reasonable, and employees seeking to recover improperly withheld tips may not recover funds withheld to offset these fees. *Id.* (citing *Myers*, 192 F.3d at 556).

Here, MLB reasonably withheld a portion of the waitresses' credit card tips to offset the 2.5% to 4.5% credit card processing fees paid by the company. (*See* Doc. 127 Capeci Aff., ¶¶ 12-13.) MLB was entitled to take this deduction as a matter of law. *See Kim*, 2015 WL 2222438, at *27. As a result, Plaintiffs are not entitled to summary judgment in their favor as to their claim that MLB improperly withheld 15% of waitresses' credit card tips, because a dispute of material fact exists as to the amount of tips MLB properly and lawfully retained to offset credit card processing fees.

3

### 2) Tips pooled with service bartenders and barbacks

Plaintiffs also claim that MLB unlawfully pooled waitresses' credit card tips and shared them with bartenders and barbacks, whom they claim are non-service employees. But contrary to Plaintiffs' position, service bartenders and barbacks are expressly permitted to receive pooled tips pursuant to both federal and New York labor law. Under 29 U.S.C. § 203(m), 29 CFR §§ 531.56 and 531.57, and N.Y. Comp. Codes R. & Regs., tit. 12, §§ 146-2.14(e)(5)-(6), employees who "customarily and regularly receive tips" may participate in a tip pool. Both the U.S. Department of Labor and the New York Labor Department have provided administrative guidance as to the types of occupations which meet this standard. In the view of both agencies, barbacks[1] and service bartenders who make drinks for waitstaff but do directly provide drinks to customers are the types of employees who "customarily and regularly receive tips" such that they may lawfully participate in a tip pool.[2] As such, Plaintiffs are wrong as a matter of law and are not entitled to summary judgment on their tip-pooling claims.

---

[1] Barbacks who assist bartenders, primarily work in front of and around customers, and have the opportunity to occasionally interact with customers are tipped employees because they are similar to busboys. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 2009 WL 649014, at *1–2 (Jan. 15, 2009).

[2] *See* U.S. Dept. of Labor Wage and Hour Division, "Fact Sheet #15: Tipped Employees under the Fair Labor Standards Act (FLSA)" (Dec. 2016), at p. 1, available at https://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last viewed Nov. 1, 2017); N.Y. Comp. Codes R. & Regs., tit. 12, §§ 146-2.14(e)(5)-(6). While the term "service bartender" is undefined in the New York regulations governing tip pooling, it is clear from a review of the listed occupations that are entitled to participate in a tip pool that a "service bartender" is someone who serves a function separate and apart from a "bartender," because both occupations are listed as being tip pool-eligible. *See* N.Y. Comp. Codes R. & Regs., tit. 12, § 146-2.14(e). As defined elsewhere and in the hospitality industry, a "service bartender" is a bartender who "provide[s] drinks to customers through servers, but ha[s] little *direct* contact with customers." *Barrera v. MTC, Inc.*, 2011 WL 3273196 (W.D. Tex. July 29, 2011).

B.     **Plaintiffs are not Entitled to Summary Judgment on their Request for Liquidated Damages.**

Neither are plaintiffs entitled to summary judgment as to liquidated damages. Liquidated damages may not be awarded under the FLSA where an employer was acting "in good faith and…had reasonable grounds for believing that his act or omission was not a violation." 29 U.S.C. 216(b). Likewise, the NYLL bars liquidated damages where an employer had a good faith basis for believing that its underpayment of wages was in compliance with the law. NYLL § 198(1-a).

As an initial matter, Mr. Capeci – a certified public accountant – testified emphatically that he believed he was in full compliance with the labor laws. (*See* Def. Resp. to Plaintiffs' Rule 56.1 Statement, Ex. A Capeci Dep., p. 61.) He came to this belief after studying the business practices of other people in the industry, having discussions with labor auditors, and reviewing notices he received through accounting websites. (*Id*.) He was therefore acting in good faith sufficient to preclude the application of liquidated damages, particularly at the summary judgment stage. See Hart v. Rick's Cabaret Int'l, Inc., 967 F.Supp.2d 901, 938 (S.D. N.Y. 2013).

Moreover, specifically as to the pooling of 15% of waitresses' credit card tips to share with service bartenders and barbacks, the specific guidance of the US Department of Labor and the New York Labor Department that these employees can be included in a tip pool itself is evidence of good faith. *See* 29 U.S.C. § 203(m), 29 CFR §§ 531.56 and 531.57, and N.Y. Comp. Codes R. & Regs., tit. 12, §§ 146-2.14(e)(5)-(6). At the very least, the Plaintiffs should not be entitled to liquidated damages on their tip-pooling claim, because MLB was acting in good faith reliance on the published instructions of the relevant labor departments as to how to construct a valid tip pool.

### C. Plaintiff are not Entitled to Summary Judgment as to any Class Member who Executed an Arbitration Agreement and/or a Settlement Agreement.

#### 1) Employees who executed arbitration agreements must be removed from the class.

This case squarely triggers a novel and unsettled question of law, namely whether employees may waive their ability to participate in a class action in the context of an arbitration agreement with their employer. To determine the significance and timeliness of this issue, the Court need look no further than the Supreme Court's decision to grant certiorari in three cases raising this identical question: *Epic Systems Corp. v. Lewis*, No. 16-285 (certiorari granted Jan. 13, 2017); *Ernst & Young LLP v. Morris*, No. 16-300 (certiorari granted Jan. 13, 2017); and *National Labor Relations Bd. v. Murphy Oil USA, Inc.*, No. 16-307 (certiorari granted Jan. 13, 2017) (collectively "*Epic Systems Corp.*"). Oral argument was presented to the Court on October 2, 2017, and the matters are still pending. *See Epic Systems*, No. 16-285 (docket available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/16-307.html).

While it remains to be seen how the Supreme Court will resolve the enforceability question at issue in *Epic Systems Corp.*, the Court's prior arbitration decisions suggest a strong preference for enforcing class action waivers. *See, e.g., Amer. Exp. Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304, 2309-10 (2013). As the Supreme Court previously noted, such waivers do not preclude individual plaintiffs from asserting claims, but instead limit the resolution of those claims to the specific parties before the Court, arbitrator, or tribunal. *Id*. at 2311. Numerous other courts, including the Second Circuit, have followed suit in enforcing class and collective action waivers contained in employment contracts, particularly when those

waivers exist as stand-alone provisions in arbitration agreements. *See, e.g., Cohen v. UBS Financial Serv., Inc.*, 799 F.3d 174, 179 (2d Cir. 2015) ("Although [class] waivers are often found in arbitration agreements…the two contract terms are conceptually distinct. A class or collective action waiver is a promise to forgo certain procedural mechanisms *in court*.") (emphasis in original); *D'Antuono v. Serv. Rd. Corp.*, 789 F.Supp.2d 308 (D. Conn. 2011) (upholding class action waiver and other provisions contained in adult nightclub arbitration agreement); *Ryan v. JPMorgan Chase & Co.*, 924 F.Supp.2d 559 (S.D.N.Y. 2013) (upholding waiver of collective FLSA waiver in arbitration agreement but permitting individual employee to litigate her own claims against employer). Particularly given the courts' preference for treating class action waivers as distinct from the broader arbitration agreements in which they are usually housed, these waivers can be enforced in the absence of an arbitration proceeding. *Cohen*, 799 F.3d at 179.

As set forth in the Affidavit of Anthony Capeci, and as demonstrated by the accompanying arbitration agreements, numerous waitresses executed class and collective action waivers as a condition of their employment at MLB. (Ex 1: Capeci Aff., ¶ 5.) While it is true that MLB did not pay the arbitration fees for two class members – Yashira Currasco and Teresa Robinson – who filed arbitration proceedings[3], MLB may still enforce these valid class action waivers against the other individuals who signed them. *See, e.g., Amer. Express Co.*, 133 S.Ct. at 2309-10 (enforcing waivers of class arbitration proceedings in card processing agreement despite high cost of individual arbitrations). What is at issue here is not whether the employees

---

[3] The decision not to proceed with arbitration was abundantly reasonable on MLB's part, given that there was a simultaneous class action case pending before this Court, and MLB wished to avoid the potential for inconsistent outcomes.

who executed agreements must file arbitration proceedings, but instead whether these employees may participate in a class action proceeding despite their contractual obligation not to do so.

Under the reasoning of *Amer. Express Co.*, 570 U.S. 228, any employee who executed a class and collective action waiver should be precluded from seeking summary judgment against MLB and from proceeding with claims against MLB at any eventual trial.

### 2) Employees who executed settlement agreements must be removed from the class.

MLB also executed settlement releases with three prior employees prior to class certification. (Ex. 1: Capeci Aff., ¶ 2.)  According to Plaintiffs' own damages calculations, two of the employees who signed settlement agreements – Marlene Rosario and Danielle Slavis – accrued damages in an amount less than $500.00.  (Doc. 133, Ex. 16.)  As such, their claims have not been "settled," so as to trigger the requirement that the Department of Labor review their settlement agreements, but instead have been paid in full.  Moreover, another employee who agreed to a $500.00 settlement – Barbara Andre – stopped working for MLB on or before August 31, 2012, prior to the two-year FLSA statute of limitations applicable to this case.  Her case, too, is exempt from the Department of Labor review requirement.  As such, these individuals should also be precluded from pursuing summary judgment and claims at trial against MLB.

### III.  Conclusion

For the foregoing reasons, Plaintiffs are not entitled to partial summary judgment in their favor as to their tip-pooling and liquidated damages claims and, further, are not entitled to summary judgment on any claim raised by employees who have executed arbitration agreements containing class action waivers or who have fully released MLB and Anthony Capeci from liability.

Respectfully submitted,

  /s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com

DANIEL A. SILVER
Silver & Silver LLP
One Liberty Square
New Britain, Connecticut 06051
(860) 225-3518
dan@lawsilver.com

Counsel for Defendants
MLB Enterprises Corp. and Anthony Capeci

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing document was provided via the Court's CM/ECF filing system to all counsel of record on the 9th day of November, 2017.

  /s/ Jennifer M. Kinsley
JENNIFER M. KINSLEY
Kinsley Law Office
Post Office Box 19478
Cincinnati, Ohio 45219
(513) 708-2595
kinsleylawoffice@gmail.com