UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACQUELINE GOMEZ and YASHIRA
CARRASCO, individually, and on behalf of
all others similarly situated,                                    Docket No.: 15-CV-3326(CM)(KNF)

                    Plaintiffs,

        -against-

LACE ENTERTAINMENT, INC. d/b/a LACE
GENTLEMEN'S CLUB, MLB ENTERPRISES,
CORP., d/b/a LACE GENTLEMEN'S CLUB,
MLB ENTERPRISES CORP., ANTHONY CAPECI
and GLEN ORECCHIO,

                    Defendants.
------------------------------------------------------------------X

# REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

                    Rebecca Predovan, Esq.
                    Marc S. Hepworth, Esq.
                    Charles Gershbaum, Esq.
                    David A. Roth, Esq.
                    **HEPWORTH GERSHBAUM & ROTH, PLLC**
                    192 Lexington Avenue, Suite 802
                    New York, New York 10016
                    Telephone: (212) 545-1199
                    Facsimile: (212) 532-3801

                    ***Attorneys for Plaintiffs, the Collective and Class***

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Barenboim v. Starbucks Corp.*,
    21 N.Y.3d 460 (2013) ..................................................................................................4

*Nadeau v. Equity Residential Props. Mgmt. Corp.*,
    No. 16 Civ. 7986 (VB), 2017 U.S. Dist. LEXIS 68937 (S.D.N.Y. May 5,
    2017) (Briccetti, *J.*) ....................................................................................................2

*Pre–Paid Legal Servs., Inc. v. Cahill*,
    786 F.3d 1287 (10th Cir.), *cert. denied,* -- U.S. --, 136 S.Ct. 373 (2015) ................3

**Statutes**

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.14..........................................................4

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................................ 2

    I. Defendants Cannot Seek Enforcement of An Agreement With Which it Has Failed to Comply. ........ 2

    II. Defendants Cannot Avail Themselves of their Good Faith Affirmative Defense or an Offset to Plaintiffs' Damages. ....................................................................................................................... 3

    III. Job Titles are Not Determinative of Whether an Employee is Eligible to Receive Tips. ................... 3

CONCLUSION .................................................................................................................................... 4

**INTRODUCTION**

Within their Opposition to Plaintiffs' Motion for Partial Summary Judgment, Defendants ignore the precedent cited by Plaintiffs as well as the clear admissions made by its own corporate witness that support Plaintiffs' Motion. For the below reasons, and those contained within Plaintiffs' underlying brief which are incorporated herein by reference, Plaintiffs respectfully submit that they have more than met their burden for issuance of summary judgement in this action.

### I. Defendants Cannot Seek Enforcement of An Agreement With Which it Has Failed to Comply.

Defendants have not sought to compel arbitration against any New York Rule 23 Class member and cannot at this late date. Moreover, precedent on this issue is clear that its failure honor the terms of its own agreement renders any attempt to enforce it futile.

As discussed in greater detail within Plaintiffs' Motion for Partial Summary Judgment (herein "Pl. Mem."), Defendants compelled Yashira Carrasco to arbitration, only to fail to pay the arbitration fee and to refuse to arbitrate.[1] Defendants then seek to assert its arbitration clause again both as to Ms. Carrasco and identified members of the New York Rule 23 Class certified in this action. However, Defendants failed to move to compel those identified individuals and has no answer to Plaintiffs' assertion that Defendants should be precluded from enforcing its arbitration agreements following its continued failure to pay for or participate in arbitral proceedings. Similarly, Defendants do not seek to distinguish, presumably because they cannot, *Nadeau v. Equity Residential Props. Mgmt. Corp.*, No. 16 Civ. 7986 (VB), 2017 U.S. Dist. LEXIS 68937

---

[1] They also failed to pay the arbitration fee for every other arbitration filed. Pl. Mem. 15-17.

(S.D.N.Y. May 5, 2017) (Briccetti, *J.*) and *Pre–Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir.) cert. denied, 136 S. Ct. 373, 193 L. Ed. 2d 292 (2015).  Both of which stand for the proposition that a party that fails to honor the terms of its own arbitration agreements does so at their own peril as such acts render these agreements unenforceable.

### II. Defendants Cannot Avail Themselves of their Good Faith Affirmative Defense or an Offset to Plaintiffs' Damages.

Defendants' assertion that they believed that they complied with applicable laws is not sufficient to support their good faith defense.  Defendants cannot be heard to claim that vetted its practice of directly retaining 15% of its employee's tips for its own profit, with "labor auditors" or other adult entertainment industry members.

Simply put Defendants' reckless disregard for the law and blatant violations of the FLSA and NYLL are not the type of actions which the legislature sought to protect when providing an affirmative defense for technical violations of the NYLL and FLSA.

Defendants raise again for the second time that an offset should be applied to Plaintiffs' damages to account for the payment of credit card fees.  *See* Dkt. No. 127 at 6-7.  Defendants do not meet the evidentiary burden requisite to support this argument. *See* Dkt. No. 138-139.[2]  A fact which Defendants implicitly acknowledge by tardily submitting an affidavit, which at this late date, post the close of discovery cannot cure Defendants' deficiencies. *See* Dkt. No. 142.[3]

### III. Job Titles are Not Determinative of Whether an Employee is Eligible to Receive Tips.

As discussed in Plaintiffs' underlying brief, a job title alone is not sufficient to support Defendants' inclusion of a non-service employee within the tip pool. Pl. Mem. 8-9.  Faced with

---

[2] Plaintiffs incorporate by reference those arguments made in Opposition to Defendants' Motion for Partial Summary Judgment.

[3] Plaintiffs also note that the reply to which this affidavit was attached was not timely filed.

the admissions of its own corporate witness as to the lack of interaction that either its Bar-Backs or Bartenders had with customers, Defendants improperly argue that their job title alone entitles them to de facto participation in the tip pool.  This argument fails to account for the clear requirement that to participate in a tip pool, personal service to patrons must be a "principal or regular part of [an employee's] duties" "not merely occasional or incidental." *Barenboim v. Starbucks Corp*., 21 N.Y.3d 460, 473–74 (2013)( quoting 2 N.Y.C.R.R. § 146-2.14 (e)).

Plaintiffs assert that in light of the clear admissions concerning these employees' job duties Defendants cannot do so.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for partial summary judgment.

Dated: New York, New York
    November 21, 2017               Respectfully submitted,

**HEPWORTH GERSHBAUM & ROTH, PLLC**

*s/ Rebecca Predovan, Esq.*
Rebecca Predovan, Esq.

Marc S. Hepworth, Esq.
Charles Gershbaum, Esq.
David A. Roth, Esq.
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 545-1199
Rpredovan@hgrlawyers.com

***Attorneys for Plaintiffs, the Collective and Class***

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of November, 2017, I served a true copy of the Notice of Motion on all counsel of record via the Court's Electronic Case Filing System.

s/*Rebecca S. Predovan*
Rebecca S. Predovan, Esq.