UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————————x

JACQUELINE GOMEZ and
YASHIRA CARRASCO, individually and
on behalf of all others similarly situated,

                  Plaintiffs,

    -against-                                15 Civ. 3326 (CM)

LACE ENTERTAINMENT, INC. et al.,

                  Defendants.

——————————————————————————————x

## ORDER DIRECTING FURTHER BRIEFING ON DEFENDANT ANTHONY CAPECI'S MOTION FOR AN ORDER VACATING THE POST JUDGMENT RESTRAINT IMPOSED ON CAPECI'S PERSONAL BANK ACCOUNT AT TD BANK

McMahon, J.:

This lawsuit, commenced over a decade ago by waitresses at a "gentlemen's club" run by

Defendant Anthony Capeci, sought wages and overtime pay and various other forms of relief under

both the Fair Labor Standards Act, 29 U.S.C, § 291 *et seq.*, and the New York State Labor Law

and its attendant regulations. The lawsuit, which was hotly contested over the course of several

years, was settled per stipulation entered on the record of the court at Docket No. 179. The

stipulation of settlement provided that all the named defendants, including specifically Capeci,

consented to the entry of judgment against them in the amount of $1,024,304.09, out of which

attorney's fees would be paid. Per the terms of the stipulation, the judgment was to be paid to

Plaintiffs' counsel within 30 business days after entry of judgment. The stipulation was entered as

a judgment on June 3, 2019. Dkt. No. 181. The stipulation of settlement and the judgment entered

about this court's retaining post-judgment jurisdiction to enforce the terms of the settlement. *See* Dkt. Nos. 179, 181.

The Court heard nothing more about the matter for many years.

The next entry on the docket came in April 2025, when Plaintiffs filed a motion to compel Capeci to appear for a deposition. It soon became apparent that the judgment had not been paid within 30 business days of its entry (which, I note, had occurred almost six years earlier). The Court scheduled an immediate conference to figure out what might be going on and what role, if any, I had to play in it. But the parties cancelled the conference. And again, I heard nothing more, until.......

On January 22, 2026, Capeci filed a motion, ostensibly pursuant to CPLR 5239, seeking vacatur of a restraint that had been imposed on his account at TD Bank several months earlier, in August 2025. He also sought the return of certain garnished funds. Dkt. No. 192. Capeci's justification for the motion was that the account contained (though did not entirely consist of) certain funds that could not be garnished in order to secure payment of a money judgment, to wit: social security benefits paid to Capeci, which are statutorily exempt from garnishment. *See e.g.,* CPLR 5222-a(b)(4).[1] Attached to the motion were certain bank statements showing, *inter alia*, the deposit of funds unto the account from Social Security – as well, apparently, as funds from other sources.

On February 5, 2026, Plaintiffs filed an opposition to Capeci's motion. Dkt. No. 193.

On February 18, 2026, Capeci filed a reply in support of his motion. Dkt. No. 197.

The following facts appear to me to be established:

---

[1] Capeci unquestionably does not contest that not all of the funds in his account are exempt social security funds; his moving papers refer to the account as "primarily" containing such funds. Dkt. 192-3, Statement of Material Facts, ¶ 4).

On August 27, 2025, Plaintiffs purported to serve on TD Bank a restraining notice as provided for in CPLR 5222-a. Plaintiffs sought to restrain a personal bank account owned by Defendant Capeci. Shortly thereafter, the Bank restrained Capeci's personal bank account, in what I understand to be the amount of approximately $11,000.

CPLR 5222-a requires that the restraining notice served on TD Bank by Plaintiffs be accompanied by an Exemption Claim Notice and two Exemption Claim Forms. The Claim Notice explained to the debtor that certain funds could not be garnished as a matter of law – including specifically Social Security benefits, per 42 U.S.C. § 407(a) and CPLR 5205(l)(2). The Exemption Form was for the purpose of allowing the judgment debtor to assert that some or all of the funds in the restrained account could not be restrained, because they were statutorily exempt from garnishment.

CPLT 5222-a further requires that copies of all these documents – retaining notice, Exemption Claim Notice and Exemption Claim Forms – be sent by TD Bank to the person whose account was being restrained – which is to say, to Capeci, and that this be done within two business days after the bank received them. CPLR 5222-a(b)(3).

If the judgment debtor (Capeci) contended that any or all of the funds in the garnished account were exempt, he was required to return the Exemption Claim Forms – one copy for the bank and one copy for the creditor (in this case, Plaintiffs' counsel) – with certain information about why the account was exempt from garnishment. Return of the form, had it occurred, would have triggered a brief period (eight days) for the judgment creditors (Plaintiffs) to file an objection to the exemption claim. This would in turn have led to a swift judicial proceeding resolving that issue – a proceeding at which the judgment creditor (Plaintiffs) would bear the burden of proving that the funds claimed to be exempt were not in fact exempt. CPLR 5222-a(c)(4).

Capeci admittedly did not file an Exemption Claim Form within the period required by law. The parties disagree about why this happened.

Capeci says that he did not do so because, when he received notice of the restraint on his account (his affidavit does not reveal how he learned about the restraint), he called TD Bank to ask about the restraint. According to Capeci, a bank employee said that Plaintiffs' counsel did not provide the Bank with any Exemption Claim Forms to forward to Capeci. Obviously if this be true, TD Bank had no statutory obligation to send any such forms to Capeci – although if Plaintiffs did not send all the required forms, the restraint imposed by the Bank is "void." CPLR 5222-a(b)(1).

But of course Plaintiffs' counsel swears that he sent an entire package of forms conforming to the requirements of CPLR 5222-a to TD Bank. If his avowal is correct, this would mean that the Bank failed in its statutory duty and the Bank representative was mistaken about whether Plaintiffs provided the necessary forms. It would also mean that the restraint was not void.

There is simply no way for me to know, on the present record, whether the fault lay with Plaintiffs' counsel, Capeci, or TD Bank. I note, however, that CPLR 5222-a provides the Bank with a safe harbor; it has no liability for failing to provide a judgment debtor with the forms necessary to trigger the judicial process contemplated by CPLR 5222-a(b)(3).

However, because Capeci did not provide an Exemption Claim Form in a timely manner (or at all), he never triggered the judicial process contemplated by CPLR 5222-a for ascertaining whether any or all of the funds in the restrained account were exempt. And all the time periods for doing so have long since passed. Therefore, I do not need to figure out who was at fault here.

But because his failure to provide the Exemption Claim Form did not work a forfeiture of his right to invoke the exemption, *see* CPLR 5222-1(h), Capeci makes his vacatur application under CPLR 5239 – a provision that authorizes, prior to any turnover of restrained funds to the sheriff, the commencement of a special proceeding by "any interested party" in order to establish ownership of disputed funds that are under restraint.

The question turns out not to be whether the restraint should be lifted, but whether it can be lifted without Capeci's commencing a new proceeding. As the parties have not yet weighed in on this subject, I am directing further briefing.

### Discussion

My colleague, The Hon. Lewis J. Liman, wrote an excellent opinion summarizing the provisions of CPLR Article 52 (Enforcement of Judgments) that are relevant to the instant motion. Rather than try to improve on it, I simply quote it in full:

*"CPLR article 52 sets forth procedures for the enforcement of money judgments in New York, which may include the imposition of a restraining notice against a judgment debtor's bank account to secure funds for later transfer to the judgment creditor through a sheriff's execution or turnover proceeding." Cruz v. TD Bank, N.A., 2 N.E.3d 221, 223 (2013). As relevant here, C.P.L.R. 5222 authorizes the attorney for the judgment creditor as officer of the court to serve a restraining notice upon any person believed to be holding any property in which the judgment debtor has an interest. N.Y. C.P.L.R. 5222. Upon service of such a restraining notice, the recipient is prohibited from selling, assigning, or transferring, or interfering with, such property on pain of contempt, except upon direction of the sheriff or upon further order of the court. N.Y. C.P.L.R. 5222(b). The requirements of C.P.L.R. 5222 are subject to an important exception when the property being restrained is in the bank account of a natural person. "Under both federal and*

*state law, certain types of funds are exempt from restraint or execution, including Social Security benefits, public assistance, unemployment insurance, pension payments and the like." Cruz, 2 N.E.3d at 223. To protect such funds from collection by the judgment creditor and to ensure that accounts containing income from those sources are not inadvertently frozen, the New York legislature passed the Exempt Income Protection Act of 2008 ("EIPA").*

*C.P.L.R. 5222-a, enacted as part of the EIPA, creates the mechanism of the exemption claim form. The provision "restrict[s] the scope of the restraint that can be implemented against the bank account of a natural person and create[s] a new procedure aimed at ensuring that this class of judgment debtors is able to retain access to exempt funds." **Cruz**, 2 N.E.3d at 223. It was added to the C.P.L.R. "as part of an effort to protect the exempt income of small debtors." Reilly, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, 2024 Electronic Update, Westlaw, N.Y. C.P.L.R. 5222-a.*

*Alongside the restraining notice, a person issuing a restraining notice affecting a natural person's account at a banking institution must provide the banking institution with an exemption notice and two exemption claims forms, informing the judgment debtor that certain types of funds are exempt from collection and giving the judgment debtor the opportunity to claim such an exemption. N.Y. C.P.L.R. 5222-a(b)(2), (4). The banking institution then has two business days to serve upon the judgment debtor a copy of the restraining notice, the exemption notice, and two exemption claim forms. N.Y. C.P.L.R. 5222-a(b)(3). The judgment debtor has twenty days from the postmarked date on the envelope containing the notice to send the banking institution and the judgment creditor an exemption claim. N.Y. C.P.L.R. 5222-a(c). The banking institution is required to release all funds in the judgment debtor's account eight days after the date postmarked on the envelope containing the executed exemption claim form, except where the judgment creditor*

*interposes an objection. N.Y. C.P.L.R. 5222-a(c)(3). If the judgment debtor sends proof to the judgment creditor that the money in the account is exempt, the judgment creditor must, within seven days of the postmark on the envelope containing the exemption claim form and accompanying information, instruct the banking institution to release the account. N.Y. C.P.L.R. 5222-a(b)(4)(a); N.Y. C.P.L.R. 5222-a(c)(4).*

*C.P.L.R. 5222-a gives the judgment creditor the opportunity to object to a claim of exemption. Within eight days of the date postmarked on the envelope containing the executed exemption claim form, the judgment creditor may serve a motion under C.P.L.R. 5240 objecting to the claim of exemption. N.Y. C.P.L.R. 5222-a(d). The motion must be accompanied by an affirmation or affidavit demonstrating a reasonable belief that the judgment debtor's account contains funds that are not exempt from execution and the amount of such funds, with the factual basis upon which the reasonable belief is based. Id. At a hearing on the motion, the burden is on the judgment creditor to establish the amount of funds that are not exempt. Id. The banking institution must retain the funds claimed to be exempt. N.Y. C.P.L.R. 5222-a(e).*

*Freeman v. Giuliani*, 24 mc 353, Docket No. 53 at 4-5. As should be abundantly clear, much of what Judge Liman described in *Freeman* did not happen in this case. Capeci did not file any Exemption Claim Form contending that some or all of the funds in his personal bank account were statutorily exempt from restraint. Because he did not file such a form, Plaintiffs had no reason to, and did not, file an objection to Capeci's claim of exemption pursuant to CPLR 5240. Because no such proceeding was commenced, no court adjudicated whether any or all of the $11,000 that was under restraint was statutorily exempt from being restrained. The parties are at loggerheads about why that is so and who is to blame – Plaintiffs, Defendant, or TD Bank – but what is clear enough is that we are far beyond the point at which the procedures for contesting the restraint of

exempt funds outlined in CPLR 5222-a have any relevance, other than demonstrating the Legislature's intent that judgment debtors enjoy certain protections as against their creditors.

But the fact that the comprehensive and speedy procedures set forth in CPLR 5222-a were not complied with does not mean that any exempt funds in Capeci's bank account have lost their exempt status, or that the Bank can turn over arguably exempt funds to Plaintiffs (or to the sheriff) in order to satisfy their judgment against Capeci. CPLR 5222a(h) provides that, "Nothing in this section" – which is to say, nothing in the comprehensive procedures set forth in the statute – "shall in any way restrict the rights and remedies otherwise available to a judicial debtor, including but not limited to, rights to property exemptions under federal and state law." In other words, the debtor's failure to return a Claim Exemption Form in a timely manner does not prevent the judgment debtor from arguing, in an appropriate forum, that he is entitled to the return of certain property that was improperly restrained. Any doubt on this score was settled by the New York Court of Appeals in favor of the debtor's having the right to avail himself of any remedies provided by statute for ascertaining that monies have been wrongfully restrained. *See Cruz v. TD Bank*, 22 N.Y.3d 61, 74 (2013).

It would seem that the appropriate vehicle for litigating this issue is the one set out in CPLR 5239, which provides that "any interested person" may *"commence a special proceeding* against the judgment creditor or other person with whom a dispute exists to determine the rights in the property or debt" (emphasis added). The *Cruz* court specifically held that a judgment debtor qualifies as "any interested person" within the meaning of this statute.[2]  Therefore, Capeci has

---

[2]    The *Cruz* court held as follows: "Nothing prevents a party injured in the manner alleged by plaintiffs from seeking redress against a bank in a CPLR 5239 or 5240 proceeding. A judgment debtor is certainly an 'interested person' and CPLR 5239 permits such a party to bring a proceeding against any "other person with whom a dispute exists to determine rights in the property." Thus, if a judgment debtor believes that a bank has restrained assets in error in violation of the EIPA meaning there is a controversy between the bank and the account holder over access or 'rights' in the deposited funds he or she can obtain a civil remedy, such as the release of any money unlawfully restrained, an

every right to litigate with someone (Plaintiffs, TD Bank, or more likely both of them, *see* Siegel: Practice Commentaries  C5239:2) over the fate of whatever monies in his restrained bank account are in fact exempt monies.

But CPLR 5239 provides that this must be done in the context of a "special proceeding;" it does not authorize the judgment debtor to bring a motion in the action in which the judgment sought to be collected was entered.

The term "special proceeding" in New York practice is a term of art. It refers to a specific type of action governed by Article 4 of the CPLR. As stated in the Practice Commentaries to the CPLR, Article 4:

> Although a special proceeding is prosecuted with the same speed and economy that characterize motion practice, it is an independent application to a court for judgment…..Thus the proceeding must be duly commenced in a court of proper subject matter jurisdiction, there must be a basis for territorial jurisdiction over the respondent, and process must be served on the respondent by an authorized method.
>
> The commencement of a summary proceeding requires the preparation of two documents: a petition and either a notice of petition or an order to show cause. The petition is petitioner's pleading. CPLR 402. The notice of petition is analogous to a summons. CPLR 105(b).

*Siegel*, Practice Commentaries, C403:1. Making a motion in this long-closed action is not the same thing as commencing a special proceeding. Indeed, any special proceeding brought pursuant to

---

injunction barring transfer of exempt property to the sheriff or judgment creditor, or reimbursement of any bank fees improperly charged." 22 N.Y.3d 61 at 75–76.

CPLR 5239 would necessarily be an entirely separate action from the lawsuit in which the judgment was entered in the first place.

Any doubt that the Legislature meant for a judgment debtor to seek relief in a lawsuit separate from the one in which the underlying judgment was entered is dispelled by the fact that CPLR 5239 requires that, in any proceeding commenced thereunder, "service of process" shall be effected in a particular manner. While process commencing a CPLR 5239 special proceeding may be served in the same manner as a notice of motion – it is not necessary that process be served in the same manner as a summons in a civil action – the requirement that "process" be "served" on any and all persons who are to be made parties respondent is statutory and cannot be waived by this Court. "Process" is also a term of art in New York practice; it refers to the official document or documents that are used to "commence" a proceeding, and in connection with a special proceeding, it refers specifically to the Notice of Petition or Order to Show Cause. The record in this case does not reveal that "process" has been served on anyone in connection with Capeci's application – certainly not on TD Bank, the party that has imposed the restraint, and the party as to which any court order vacating all or part of the restraint would most likely have to be addressed. That is because Capeci has not purported to "commence" a special proceeding in order to obtain vacatur of the restraint on his account.

The parties have not briefed the issue of whether an application pursuant to CPLR 5239 (the only remedial statute invoked by Capeci) can be made by motion in the action in which the judgment sought to be enforced is entered, or whether the only route to making such an application is to file a brand new special proceeding. I very much doubt that the making of this motion is the proper way for Capeci, who can no longer avail himself of CPLR 5222-a, to get the relief he seeks.

I would be remiss, however, if I did not give him a chance to explain to me why my surmise is incorrect.

Then there is the question of where such a proceeding can be brought. As the Practice Commentary notes, the party commencing said proceeding would have to establish that the court in which he filed the notice of petition and petition has subject matter jurisdiction over the special proceeding itself. The fact that a court had subject matter jurisdiction over the underlying lawsuit in which a judgment was entered would not necessary confer jurisdiction over an entirely separate special proceeding to determine whether particular funds were exempt from restraint.

I harbor some doubt about whether this Court has subject matter jurisdiction over any CPLR 5239 special proceeding. There was no diversity of jurisdiction as between Plaintiffs and Defendants (*See* Complaint, Dkt. No. 1) – every named party was a citizen of New York back in 2015, and I have no basis to believe that the same is not true today, though I suppose that remains to be seen. Subject matter jurisdiction in the original lawsuit was predicated on the existence of a federal question arising under the Fair Labor Standards Act, with supplemental jurisdiction over the correlate claims arising under the New York Labor Law.[3] The CPLR 5239 special proceeding would not be able to claim the FLSA as a basis for subject matter jurisdiction. Significantly, the parties did not provide in their stipulation of settlement (which was subsequently entered as a judgment) that this court would "retain jurisdiction" to enforce the terms of the settlement; that may well mean this this Court lacks jurisdiction over any proceeding related to the enforcement of the judgment, such that subject matter jurisdiction must be ascertained in the usual manner and without regard to whether I had jurisdiction over the original lawsuit.

---

[3] The original complaint made some reference to CPLR 1332, which is diversity jurisdiction, but as the facts pleaded established beyond peradventure that there was no diversity, forget about complete diversity, I think that reference can be safely ignored.

Whether adjudication of the exempt status of the contents of Capeci's account pursuant to CPLR 5239 raises a question of federal or state law has also not been addressed by the parties. And then there is the separate question of whether TD Bank, where the money is sitting, is a necessary party to any CPLR 5239 proceeding that might be commenced -- yet another question the parties have chosen to ignore.

Only after all of these questions have been answered can an appropriate court (which may or may not be this Court) consider whether, in a proceeding brought pursuant to CPLR 5239, the petitioner in that proceeding (who would be Capeci) would bear the burden of proving that monies in his account were exempt -- or whether the burden would rest with the respondents in that action, in light of the fact that CPLR 5222-a places the burden of proving that funds are *not* exempt squarely on the judgment creditor. See CPLR 5222-a(c)(4).[4]

In view of all the uncertainties facing me, I have concluded that the parties shall have fourteen business days from today to file briefs (simultaneously) addressing the following questions:

1. Can an application pursuant to CPLR 5239 properly be brought on by motion in the action in which the judgment sought to be enforced was entered, or must it be commenced as a separate special proceeding in accordance with CPLR Art. 4 and Sec. 5239?

---

[4] Since a special proceeding pursuant to CPLR 5239 is not a proceeding brought pursuant to CPLR 5222-a, one might imagine that the usual rules on burden of proof would apply and Capeci would have to prove that any funds he sought to have unrestrained were in fact exempt funds. Indeed, the loss of the special advantage (burden of proof on judgment creditor) accorded to a judgment debtor in connection with a proceeding under CPLR 5222-a might well be the penalty Capeci bears for not being able to proceed pursuant to that very debtor-friendly statute. But we are a long way from being able to answer that question -- if indeed this Court has jurisdiction to answer it.

2. If the answer to the first question is that the judgment debtor (Capeci) must commence a new special proceeding, does this Court have subject matter jurisdiction to entertain it? If so, what is the basis for an assertion of subject matter jurisdiction?

3. IS TD Bank a necessary party to any proceeding – whether a special proceeding or a motion in the underlying action – brought to dissolve a restraint imposed by TD Bank on Capeci's account?

I expect counsel to cite relevant authorities. I note that several citations in the brief filed by Plaintiffs' counsel in opposition to Capeci's motion are not quite on point – or do not appear to me to support the proposition for which they are cited. Please be very careful to read all the cases you cite to me. I will not take kindly to finding citations that do not support the points made by counsel in their briefs.

If Capeci concludes that the better part of valor is simply to file a Petition, accompanied by a Notice of Petition or an Order to Show Cause, in whatever court he concludes is able to exercise jurisdiction over his proceeding under CPLR 5239, then he might well wish to short circuit the intermediate adjudicative step and simply prepare and file those documents.

A final decision on the pending motion will be held in abeyance until the parties have an opportunity to brief the questions propounded by the Court. I am not going to grant any extensions of time.

This constitutes a written order of the Court.

Dated: May 19, 2026

_____
U.S.D.J.

BY ECF TO ALL COUNSEL