USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELINE GOMEZ and YASHIRA CARRASCO,

Plaintiffs,

-against-

15 Civ. 3326 (CM)

LACE ENTERTAINMENT, INC., ET AL.,

Defendants

---

MEMORANDUM DECISION AND ORDER DENYING MOTION BY DEFENDANT ANTHONY CAPECI TO VACTE THE RESTRAINING NOTICE IMPOSED ON TD BANK ACCOUNT

McMahon, J.:

For background to this decision the reader is referred to the court's order requiring further briefing, docketed May 20, 2026 (Dkt. # 198). After reviewing the parties' additional briefs, the court concludes as follows:

1. The time for bringing on any proceeding pursuant to CPLR 5222-a having passed long ago, the only method for obtaining adjudication of whether Defendant Anthony Capeci's bank account at TD Bank, Acct. No. 4437885426, currently under restraint, contains any funds that are exempt from garnishment pursuant to 42 U.S.C. § 407(a) and CPLR 5205(l)(2), is to bring a new proceeding, a summary proceeding, in accordance with CPLR 5539 and Article 4 of the New York Civil Practice Law and Rules. The motion made by defendants in this action was not predicated on CPLR 5539, but rather on CPLR 5522-a. As the New York Court of Appeals has made clear, once the time periods for bringing on the expedited proceedings pursuant to CPLR 5222-a have expired, the only method for enforcing an exemption to a properly obtained restraint on a bank account is by commencing a new summary proceeding pursuant to CPLR 5539. *Cruz v. TD Bank,* 22 NY 3d 61 (2013). Capeci does not cite any directly contrary authority; indeed, he cites one case in which it was held that bringing on a motion in an underlying lawsuit to enforce a statutory exemption to garnishment was void and of no effect. *Herman v. Siegmund*, 69 A.D. 2d 871 (2d Dept. 1979). Capeci does cite to a case in which the Appellate Division Second Department stated that a court could, in its discretion, deem a motion made in the underlying action to be the equivalent of a summary proceeding. *Born to Build LLC v. Saleh, et al.*, 125 A.D. 3d 706 (2d Dept. 2015). Well, I decline to exercise my discretion to do so -- both because the Legislature has been very clear about what

remedies may be pursued (and when) in order to obtain the benefit of a statutory exemption to the restraint of funds by a judgment creditor, and also because Capeci's counsel did not even mention CPLR 5539 in his original moving papers. For avoidance of doubt, Capeci's original motion, which was made pursuant to CPLR 5222-a, to lift in its entirety the restraint on his bank account at TD Bank is DENIED as untimely. However, it is denied without prejudice to his availing himself of any rights he has pursuant to CPLR 5539 and *Cruz v. TD Bank*. If Capeci wishes to obtain a partial lifting of the restraint to the extent of any exempt funds that the restrained account may contain, he needs to file a new lawsuit, in the nature of a special proceeding, pursuant to CPLR 5539. Obviously, this court's civil procedure does not contain any procedure analogous to the Special Proceeding found in CPLR Art. 4, but as long as the court has subject matter jurisdiction over the matter, there is no barrier to commencing a lawsuit in reliance on CPLR 5539 in accordance with the Federal Rules of Civil Procedure.

2. TD Bank is a necessary party to any such lawsuit/special proceeding. At present the funds that Capeci contends are subject to exemption are being held by TD Bank and TD Bank is not permitted to disburse said funds except pursuant to an order of this court. Fed. R. Civ. P. 19. This is yet another reason why a new lawsuit is the appropriate vehicle for resolving the issue of exempt funds.

3. Plaintiffs can just stop arguing that the court cannot or should not acknowledge the statutory exemption from garnishment or social security benefits – an exemption recognized under both state and federal law – because Capeci has not complied with various orders of the court concerning post-judgment discovery. If Plaintiffs believe that Capeci is in violation of court orders, they should move to have him held in contempt. Their remedy is not to have this court ignore a federal law directing that a judgment debtor's social security benefits cannot under any circumstances be subject to restraint and garnishment.

4. Similarly, Plaintiffs should stop arguing that the fact that CPLR 5222-a no longer affords Capeci a remedy to stop the restraint (totally or partially) on his account means that he has no remedy. The New York Court of Appeals has made it perfectly clear that, once CPLR 5222-a falls by the wayside, CPLR 5539 is the vehicle for enforcing the exemption – which, per statute, is NOT waived or forfeited by virtue of the judgment debtor's failure to file a timely certificate of exemption pursuant to Exempt Income Protection Act of 2008 ("EIPA"). (*See* CPLR 5222-h). I disposed of this argument, and of the one in the preceding paragraph, in my May 19 Order. I do not appreciate having Plaintiffs raise these issues again. They have been decided. Plaintiff has lost on those issues. I will not reconsider my decision.

5. Because Defendant has no ability to proceed under CPLR 5222-a, his motion for the imposition of attorney's fees in accordance with CPLR 5222-a(g) is DENIED WITH PREJUDICE.

6. Objections to the court's jurisdiction over any new action that may be commenced in this court pursuant to CPLR 5539, if any, may be filed by any party in such new proceeding. Obviously if a new proceeding is brought in the New York State Supreme Court, this directive ceases to be of any force or effect.

7. Until such time as Capeci brings on a proper proceeding to release exempt funds pursuant to CPLR 5539, the restraint on all funds contained in TD Bank Account 4437855426 shall continue in full force and effect.

The motion at Dkt. #192 is DENIED for the reasons stated in the May 19 order and in this order, with prejudice as to the restraint on the entire account and without prejudice to the extent of the restraint on any portion of the account that consists of statutorily exempt funds. The Clerk of Court shall remove the motion at Dkt. #192 from the court's list of open motions.

This constitutes the decision and order of the court. It is a written decision.

Dated: July 8, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL